PEOPLE v STANLEY JONES

OPINION OF THE COURT

1. HOMICIDE—INSTRUCTIONS TO JURY—ACCIDENTAL KILLINGS—RE-
QUEST FOR INSTRUCTIONS.

Failure of a trial court, in a prosecution for first-degree murder,
to clearly direct the jury's attention to the central issue of the
case, the defendant's theory that the killing was accidental,
was reversible·error even though the defendant did not request
such an instruction nor object to the instructions as given.

DISSENT BY D. E. HOLBROOK, JR., P. J.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANT'S THEORY OF
CASE.

*A criminal defendant is afforded the right to have the trial court
inform the jury as to his theory of the case where there is some
evidence introduced to support the theory, and the duty of the
court to so instruct the jury is imposed even though the
defendant does not request such instruction.*

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANT'S THEORY OF
CASE—HOMICIDE—ACCIDENTAL KILLINGS.

*A trial court need only generally instruct a jury in accordance
with a defendant's theory of the case absent a timely written
request by the defendant for a specific instruction; the jury was
sufficiently informed of a defendant's theory of accident as the
defense to a charge of first-degree murder where the trial court
defined and explained the elements of intent, malice and pre-
meditation, explained that if the homicide was an accident such
elements were negated, and that the prosecution had to prove
each of these elements beyond a reasonable doubt.*

## Appeal from Recorders Court of Detroit, Susan

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 40 Am Jur 2d, Homicide § 498, *et seq.*

75 Am Jur 2d, Trial §§ 727, 728, 906, 909, 915, 916.

D. Borman, J. Submitted March 3, 1976, at Detroit. (Docket No. 23535.) Decided June 14, 1976.

Stanley Jones was convicted of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P. J., and McGREGOR and N. J. KAUFMAN, JJ.

McGREGOR, J. Defendant was convicted by a jury of murder in the first degree, MCLA 750.316; MSA 28.548, and subsequently sentenced to life in prison. He appeals as a matter of right.

Defendant raises four issues for our consideration. However, we need discuss only one as it necessitates the reversal of defendant's conviction.

Defendant contends that the trial court committed reversible error by failing adequately to present to the jury the defense theory that the killing was accidental. On the authority of *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), we are constrained to agree.

In *Ora Jones,* the Supreme Court stated:

"The defense theory was accidental shooting. The trial court's instruction did not adequately present this to the jury. The only places in the instruction which touched directly upon the theory of accident were two: In defining homicide the court said:

" 'Members of the jury, the word homicide means the killing of one human being by another human being.

" 'Homicides in turn are divided into a number of classifications or degrees: felonious homicides, excusable homicides, justifiable homicides, or accidental homicides.

" 'It is only felonious homicides, members of the jury, that are punishable by statute in Michigan.' "

and in defining 'wilfully' the court said:

" 'It means a wrongful criminal act done intentionally as opposed to an act done accidentally.'

*"The court did not instruct the jury that if the jury found the shooting was accidental it should find the defendant not guilty.* While a logician or one skilled in the law could have gleaned such a rule from the instructions given, we are not satisfied that the instructions fairly and fully presented the case to the jury in an understandable manner. *Whether the shooting was intentional or accidental was the central issue in the case and read as a whole these instructions did not direct the jury's attention to this issue."* (Emphasis added.) 395 Mich 379, 394.

The instructions in the instant case cannot be meaningfully distinguished from those given in *Ora Jones.* The instructions in the instant case touched directly upon the theory of accident only once but did not clearly direct the jury's attention to this central issue. Furthermore, although the defendant in the instant case did not request such an instruction nor object to the instructions as given, the same situation was present in *Ora Jones* and not deemed controlling. See *Ora Jones,* dissenting opinion. Consequently, we hold that the trial court's failure adequately to present the defendant's theory to the jury was reversible error in

spite of the fact that no request or objection was made.

Conviction reversed; remanded for a new trial.

N. J. KAUFMAN, J., concurred.

D. E. HOLBROOK, Jr., P. J. *(dissenting)*. I am unable to agree with the majority that *People v Ora Jones,* 395 Mich 379, 394; 236 NW2d 461 (1975), mandates reversal of defendant's conviction in this case. Having reviewed the trial court's instructions, I am convinced that the trial court adequately informed the jury of defendant's theory that the homicide was accidental. Since defendant's three remaining assignments of error present no reversible errors, I vote to affirm defendant's conviction for first-degree murder. MCLA 750.316; MSA 28.548.

The appellate courts of this state have long enforced the policy of affording a criminal defendant the right to have the trial court inform the jury as to his theory of the case. *People v Pepper,* 389 Mich 317, 319; 206 NW2d 439 (1973), *People v Cummins,* 47 Mich 334, 337; 11 NW 184 (1882), *People v Bonello,* 25 Mich App 600, 602; 181 NW2d 652 (1970). The underlying rationale for this policy is to insure that the defendant receives a fair trial. *People v Rich,* 237 Mich 481, 496–497; 212 NW 105 (1927) (FELLOWS, J., for reversal), *appeal dismissed,* 275 US 500; 48 S Ct 140; 72 L Ed 394 (1927). Unless the trial court sets forth defendant's theory, the jury may overlook one of defendant's valid defenses during its deliberations. See, *e.g., People v Pepper, supra* at 319–320.

Before the trial court is obligated to so instruct, however, there must be some evidence introduced to support the theory. *People v Chivas,* 322 Mich 384, 390–391; 34 NW2d 22 (1948). In this case

defendant's testimony placed some evidence in the record that the homicide was accidental.

Traditionally the trial court has been required to so instruct the jury only when requested by the defendant. *People v Bates,* 55 Mich App 1, 5; 222 NW2d 6 (1974). Apparently, however, a request is no longer necessary to impose the duty on the trial court to so instruct. See *People v Ora Jones, supra* at 405 (COLEMAN, J., dissenting), see also Proposed Criminal Jury Instructions, 6.4, Vols I & II, p 310.

However, I do not read the Supreme Court's decision in *People v Ora Jones* as obliterating every necessity for a proper request by the defendant on this point. In my opinion if the defendant makes a timely, written request for such an instruction the trial court should incorporate the body of the request into its instructions, provided there is some evidence to support it. See Proposed Criminal Jury Instructions, 2.6(2), Vols I & II, p 90. On the other hand, if no timely request is made I believe the trial court need only generally instruct the jury in accordance with defendant's theory. Accord, *People v Burden,* 395 Mich 462, 467; 236 NW2d 505 (1975).

In the instant case, defendant failed to request an instruction as to his theory of the case. The trial court did, however, instruct the jury in accordance with defendant's theory of accident. During its instructions the trial court carefully, accurately, and thoroughly defined and explained the elements of intent, malice and premeditation necessary to convict the defendant of murder. Furthermore, the trial court informed the jury that if the homicide was an accident such elements were negated. It also fully explained to the jurors that the prosecution had to prove each of these elements beyond a reasonable doubt. By so instruct-

ing the jury, the trial court effectively presented the defendant's theory of the case since the jury was instructed that if the homicide was accidental, it could not have been committed intentionally, maliciously or with premeditation. See *People v Morrin*, 31 Mich App 301, 310–311; 187 NW2d 434 (1971).

I would affirm defendant's conviction.