PEOPLE v TRAMMELL

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—DUTY OF COURT—THEORY
OF CASE—REQUEST FOR INSTRUCTION—COURT RULES.

The duty of a trial court to present to the jury the issues in a
case and the theories of the parties is contingent upon the
parties' submission to the court of a statement of their theories
of the case; therefore, a trial court had no duty to instruct a
jury in a trial for murder on a theory of self-defense where the
defendant neither requested such an instruction nor submitted
any statement of his theory (GCR 1963, 516.7).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—OBJECTIONS—MISCARRIAGE
OF JUSTICE.

A verdict will not be set aside on the basis of alleged errors in
jury instructions where no objection was made to the instruc-
tions, unless the errors have resulted in a miscarriage of
justice.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—MISCARRIAGE OF JUSTICE—
BASIC AND CONTROLLING ISSUES.

No miscarriage of justice is occasioned by an error in a jury
instruction unless the erroneous instruction pertains to a basic
and controlling issue in the case.

4. JUDGES—INSTRUCTIONS TO JURY—ISSUES IN CASE

A trial court, on its own motion, may and should formulate
instructions to the jury on issues in the case which were not
covered by requests of the parties.

5. HOMICIDE—MURDER—INSTRUCTIONS TO JURY—SELF-DEFENSE—ACCI-
DENT—DEFENDANT'S THEORY OF CASE.

Failure of a trial court, in a trial for murder, to instruct the jury

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5] 40 Am Jur 2d, Homicide § 496.
Duty of court to instruct on self-defense, in absence of request by
accused. 56 ALR2d 1170.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 810.
75 Am Jur 2d, Trial § 623 *et seq.*
[4] 75 Am Jur 2d, Trial § 906 *et seq.*

on self-defense did not result in a miscarriage of justice where the defendant neither requested an instruction on self-defense nor objected to the court's failure to so instruct, and where the defendant's theory of the case was accident, upon which the court did instruct the jury.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted June 14, 1976, at Detroit. (Docket No. 23654.) Decided July 22, 1976.

Q. B. Trammell was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*David Harris,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and N. J. KAUFMAN and R. H. CAMPBELL,* JJ.

PER CURIAM. Defendant Q. B. Trammell. was tried by a jury in Recorder's Court for the City of Detroit, Judge Joseph E. Maher presiding. The defendant was charged with murder in the first degree, contrary to MCLA 750.316; MSA 28.548. On January 17, 1975, the jury returned a verdict of guilty as charged.

On the evening of October 26, 1969, defendant went to the residence of his girlfriend, Minnie Jean King, at 2926 Bewick in the City of Detroit. The defendant testified that upon his arrival, he met Miss King and they then proceeded to her upstairs flat. He further testified that he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

confronted by Sonny Tilton, Miss King's eldest
son, when he reached the upstairs flat.

Claiming that an argument arose between him
and Sonny Tilton, defendant testified that Mr.
Tilton attacked him with a gun. The defendant
stated that during the ensuing struggle the gun
was fired repeatedly, though later denied having
any knowledge that anyone had been wounded as
a result of the incident. Miss King was struck and
fatally wounded.

An autopsy performed on the body of the de-
ceased, Miss King, indicated that five gunshot
wounds had been inflicted.

On appeal, defendant claims that his theory of
the case was not explained to the jury, even
though supported by the evidence. The trial court
did instruct on an accident theory. However, de-
fendant asserts that error occurred when the court
failed to instruct on self-defense as well. We do not
agree.

GCR 1963, 516.7 provides:

"It is the duty of the court to present to the jury the
issues in the case and the theories of the parties. At the
close of the evidence each party *shall* submit to the
court a statement of the issues and his theory of the
case as to each issue. The statement shall be concise
and narrative in form. It shall be submitted in addition
to requests for instructions submitted under sub-rule
516.1. The statement shall set forth as issues only those
disputed propositions of fact which are supported by the
evidence. The statement of the theory may include
those claims supported by the evidence or admitted.
The Court need not give any statement to the jury in
the form submitted if the court presents to the jury the
material substance of the issues and of the theories of
each party." (Emphasis added.)

This rule makes the duty imposed on a trial

court contingent upon the parties' submission to the court of their theories of the case. Since defendant in the instant case neither requested the trial court to instruct on a self-defense theory of the case nor submitted any statement of his theory, we find that no duty arose on the part of the court to instruct concerning this theory of the case.

Moreover, GCR 1963, 516.2 provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Thus, when no objection is raised to alleged errors in jury instructions, the verdict will not be set aside on the basis of those errors unless they have resulted in a miscarriage of justice, *People v Szymarek,* 57 Mich App 354, 356–357; 225 NW2d 765 (1975), *People v Wheat,* 55 Mich App 559, 563; 223 NW2d 73 (1974).

Further, instructional error will not occasion a miscarriage of justice unless the incorrect instruction pertains to a basic and controlling issue in the case. *People v Neumann,* 35 Mich App 193, 196; 192 NW2d 345 (1971).

MCLA 768.29; MSA 28.1052 provides:

"Sec. 29. It shall be the duty of the judge to control all proceedings during the trial * * * The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

This provision is in accord with GCR 1963, 516.2. In addition, the court, on its own motion, may and should formulate instructions on issues in the case which were not covered by request. 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 565.

In this case, defense counsel did not request the trial court to instruct the jury on defendant's supposed theory of self-defense; nor did he object to the court's failure to do so. We cannot see how that failure could possibly have resulted in a miscarriage of justice. Defendant's theory of the case was a simple one, set forth in a straightforward fashion by his own testimony. His theory was accident, not self-defense. The trial judge instructed on the theory of accident and the jury needed no further instruction to understand what the theory meant. The only question for the jurors to resolve was whether or not they believed it.

The purpose of instructions is to explain the issues and legal principals which apply to the facts of a case. The court rules provide for requests and require objections, so as to establish a foundation for appeal on alleged errors in instruction. *People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975). Absence of an objection to errors or failure to give unrequested instructions will not be grounds for reversal unless it can be shown that the error or omission so damaged the integrity of the proceedings that a conviction cannot be permitted to stand. We do not believe the trial court's failure to instruct on self-defense, where defendant argued accident, amounts to this kind of error.

Affirmed.