PEOPLE v FREDERICK LESTER

PEOPLE v JOE LESTER

PEOPLE v JAMES LESTER

Docket Nos. 60342, 61268. Argued January 9, 1979 (Calendar Nos. 1, 2).—Decided May 1, 1979.

Frederick A. Lester, Joe W. Lester, and James M. Lester were convicted by a jury in Wayne Circuit Court, Horace W. Gilmore, J., of first-degree murder. The theory of the defense was that a gun which was being carried by James Lester accidentally discharged during the course of a struggle between him and the victim. The trial court refused to give a requested instruction to the jury on the defense of accidental killing. The Court of Appeals, J. H. Gillis, P.J., and Bronson and R. E. Robinson, JJ., affirmed (Docket Nos. 27554-27556). Defendants appeal. *Held:*

A trial court is not obligated to give verbatim a requested instruction to the jury on the theory of the case, whether requested by the prosecution or the defense, even if the instruction is an accurate statement of the theory if, in the trial court's judgment, the language of the instruction requested, taken as a whole, is confusing, inarticulate, inartfully organized, or simply difficult to understand. However, where, as here, the defense theory is accidental homicide, the defense requests an instruction on the theory, and there is evidence to support the theory, the trial court must properly instruct the jury on the defense theory. Failure to do so in this case mandates reversal.

Convictions reversed, and the case is remanded for a new trial.

78 Mich App 21; 259 NW2d 370 (1977) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendants Frederick Lester and Joe Lester.

State Appellate Defender (by *Rolf E. Berg)* for defendant James Lester.

PER CURIAM. These defendants were jointly tried for the murder of Shane Davis. The jury found them guilty of murder in the first degree. The theory of the prosecution was that defendant James Lester shot and killed Shane Davis while James' brothers Frederick and Joe Lester aided and abetted James in that effort. The theory of the defense was that the gun which was being carried by James Lester accidentally discharged during the course of a struggle between James Lester and Shane Davis.

The single issue before this Court is the propriety of the trial court's refusal to give a requested instruction to the jury on the defense theory that the homicide was accidental. The Court of Appeals, in finding no error on this point, concluded that the instructions which the trial court did give to the jury clearly informed them that the burden of proof rests with the prosecution to show that the killing was intentional or that it was due to reckless disregard for the safety of others and that such an instruction "in essence" embodied the requested instruction on accident. 78 Mich App 21; 259 NW2d 370 (1977).

While the trial court's instruction with regard to the burden of proof and the requisite intent were correct, we hold that a proper instruction on the defense theory of accidental homicide should also have been given.

In his opening statement to the jury, defendant James Lester's attorney indicated that it was the position of the defense that the gun discharged

accidentally when Shane Davis threw his arms up. Evidence was adduced at trial to support this theory. This position was repeated in defense counsel's closing argument. Defense counsel for Joe and Frederick Lester requested the trial court to give the jury the following instruction:

"A defense of accidental killing has been raised in this case. Such a defense of accidental killing to a prosecution for homicide denies that the killing was intentional, but does not throw upon or shift to the accused the burden of proving that the homicide occurred by accident or misadventure. It is the general rule that where the defense of accidental killing is set up, the burden rests upon the prosecution to show that the killing was willful and intentional, or that it was due to the reckless disregard for the safety of others."

After the instructions to the jury were completed, counsel for James Lester indicated to the trial court that he wished that the court had given the jury a more complete definition of the defense of accidental killing. The trial court responded that it thought the instructions as given were sufficient.

A trial court is not obligated to give verbatim a requested jury instruction on the theory of the case, whether requested by the prosecution or the defense, including a defendant's theory of accidental killing, even if the instruction is an accurate statement of the theory if, in the court's judgment, the language of the instruction requested, taken as a whole, is confusing, inarticulate, inartfully organized, or simply difficult to understand.

However, when as here the defense theory is accidental homicide, the defense requests an instruction on the theory, and there is evidence to support the theory, the trial court must properly

instruct the jury on the defense theory. *People v Hoskins,* 403 Mich 95; 267 NW2d 417 (1978). The failure to do so in this case mandates reversal.

Accordingly, we reverse the defendants' convictions of murder in the first degree and remand to the Third Judicial Circuit Court for a new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.