PEOPLE v PEERY

Docket No. 77-3497. Submitted March 2, 1982, at Detroit.—Decided September 7, 1982. Leave to appeal applied for.

Bryan Ellis Peery was convicted in the Wayne Circuit Court, William J. Giovan, J., of armed robbery. Defendant appealed, and the Court of Appeals remanded for an evidentiary hearing and an opportunity to file a motion for a new trial, which was done and denied. *Held:*

1. Defendant contends he was denied a fair trial because of the prosecutor's failure to endorse and produce an alleged res gestae witness. The trial court found that the testimony of the unendorsed and unproduced witness would have been merely cumulative of other testimony which described complainant's condition after the brutal attack and consequently denied defendant's claim of error. The burden is upon the prosecution to establish that its failure to endorse and produce a res gestae witness did not affect the defendant's right to a fair trial. That burden is met by establishing 1) that the missing testimony would have been of no assistance to the defendant, 2) that it merely constituted cumulative evidence, 3) that its absence constitutes harmless error, or 4) that the witness could not have been produced at trial. The prosecutor met his burden of proof.

2. The admission of a bloodstained boot did not constitute an

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
  81 Am Jur 2d, Witnesses § 2.
[2] 29 Am Jur 2d, Evidence § 771.
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 553.
  75 Am Jur 2d, Trial § 211.
[5] 67 Am Jur 2d, Robbery § 69.
[6] 21A Am Jur 2d, Criminal Law §§ 752, 985.
  Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.
  Modern status of rule as to test in federal court of effective representation by counsel. 26 ALR Fed 218.
[7] 21A Am Jur 2d, Criminal Law § 985.
[8] 75 Am Jur 2d, Trial § 654.

abuse of discretion. There was proof that the victim bled profusely and the victim identified the defendant as the assailant. Its admission was more probative than prejudicial.

3. Defendant failed to object to certain prosecutorial comments made during closing arguments. Failure to object to a prosecutor's closing arguments at trial is a bar to appellate review unless the prejudicial effect of the prosecutor's comments was so great that it could not have been cured by a timely objection and cautionary instruction. Such was not the case.

4. Failure to use the term "specific intent" to permanently deprive the owner of his property when charging the jury in a prosecution for armed robbery is not error where no request was made to instruct on intent, no objection was made, and where the instructions did not mislead the jury and were adequate and consistent with substantial justice, as was the case.

5. The standard to determine whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skills in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations, and not make a serious mistake but for which defendant would have had a reasonably likely chance for acquittal. Even if counsel had acted as defendant claims he should have, defendant would still not have had a reasonably likely chance for acquittal.

6. Failure of the trial court to summarize a defendant's theory of the case was not error where counsel neglected to make such a request or submit a statement thereof to the trial court.

Affirmed.

R. M. MAHER, P.J., concurred but wrote separately to state unequivocally that *People v Ora Jones,* 395 Mich 379 (1975), stands only for the proposition that, where the defendant's theory of the case is accident and where the trial judge takes it upon himself to give the jury an instruction on voluntary manslaughter, he must also instruct the jury on the elements of involuntary manslaughter.

1. CRIMINAL LAW — RES GESTAE WITNESSES — BURDEN OF PROOF — FAIR TRIAL.

The burden is upon the prosecution to establish that its failure to endorse and produce a res gestae witness did not affect the defendant's right to a fair trial; that burden is met by establish-

ing 1) that the missing testimony would have been of no assistance to the defendant, 2) that it merely constituted cumulative evidence, 3) that its absence constitutes harmless error, or 4) that the witness could not have been produced at trial.

2. CRIMINAL LAW — EVIDENCE — BLOODSTAINED BOOTS.

The admission of a bloodstained boot in a trial for armed robbery did not constitute an abuse of discretion where there was proof that the victim bled profusely and where the victim identified the defendant as the assailant.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

Appellate review of a prosecutor's closing argument is precluded in the absence of objection unless failure to consider the issue would result in a miscarriage of justice.

4. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

Failure to object to a prosecutor's closing arguments at trial is a bar to appellate review unless the prejudicial effect of the prosecutor's comments was so great that it could not have been cured by a timely objection and cautionary instruction.

5. ROBBERY — JURY INSTRUCTIONS — SPECIFIC INTENT.

Failure to use the term "specific intent" to permanently deprive the owner of his property when charging the jury in a prosecution for armed robbery was not error where no request was made to instruct on intent, no objection was made, and where the instructions did not mislead the jury and were adequate and consistent with substantial justice.

6. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

The standard to determine whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must have performed at least as well as a lawyer with ordinary training and skill in the criminal law and must have conscientiously protected his client's interests, undeflected by conflicting considerations, and not have made a serious mistake but for which defendant would have had a reasonably likely chance for acquittal.

7. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Every defendant has the right to the effective assistance of counsel; however, because there was a difference of opinion as to trial tactics between a defendant and his counsel does not mean there was ineffective assistance of counsel.

8. CRIMINAL LAW — JURY INSTRUCTIONS — COURT RULES.

Failure of the trial court to summarize a defendant's theory of the case was not error where counsel neglected to make a request for such a summary or submit a statement thereof to the trial court (GCR 1963, 516.7).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

Bryan Ellis Peery, *in propria persona.*

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

P. J. MARUTIAK, J. Defendant appeals of right his jury conviction on a charge of armed robbery. This matter appeared once before on a motion for peremptory reversal and was remanded to the trial court for an evidentiary hearing and the opportunity to file a motion for a new trial based on any allegations of error. The essence of the prosecutor's case was that the defendant, after drinking with the complainant at a bar, struck the complainant on the back of the head, stabbed him three times, robbed him, then stabbed him twice more and then left.

Defendant contends he was denied a fair trial by the prosecutor's failure to endorse and produce an alleged res gestae witness in the absence of objection by defense counsel. This matter was considered by the trial court on defendant's motion for a new trial and the trial court found that the testimony of the unendorsed and unproduced witness, King, would have been merely cumulative of other

* Circuit judge, sitting on the Court of Appeals by assignment.

testimony which described complainant's condition
after the brutal attack and consequently denied
defendant's claim of error. *People v Willie Pear-
son,* 404 Mich 698; 273 NW2d 856 (1979), places
the burden upon the prosecution of establishing
that its failure to produce a res gestae witness
would not adversely affect the defendant's right to
a fair trial and that this burden could be satisfied
by establishing (1) that the missing testimony
would have been of no assistance to the defendant,
(2) that it merely constituted cumulative evidence,
(3) that its absence constitutes harmless error, or
(4) that the witness could not have been produced
at trial. This burden was met and we find no
reason to overturn the trial court's determination
that it was not error for the prosecutor to fail to
produce witness King.

Defendant next contends reversible error oc-
curred when the trial court admitted a certain
boot into evidence. There was no timely objection
made at trial by the defendant. Since defense
counsel didn't object to the admission of the
bloodstained boot into evidence, this Court is pre-
cluded from reviewing this issue absent a showing
of manifest injustice. *People v Alexander,* 72 Mich
App 91; 249 NW2d 307 (1976). The decision to
admit arguably prejudicial evidence is committed
to the trial court's discretion. *People v Kramer,*
103 Mich App 747; 303 NW2d 880 (1981). The
judge's decision should not be reversed unless it is
clearly erroneous and indicates an abuse of discre-
tion. *People v Hughie Lewis,* 97 Mich App 359; 296
NW2d 22 (1980). In the instant case, the bloods-
tained boot tended to show that defendant was the
man who attacked the victim inasmuch as there
was substantial proof that the victim bled pro-
fusely and, since the victim identified the defen-

dant as the assailant, the boot was probative since
it corroborated the victim's identification of the
defendant as the assailant. It does not appear that
the trial court abused its discretion in allowing the
bloodstained item into evidence. Rather, the
bloodstained boot was not more prejudicial than
probative and, therefore, its admission into evi-
dence was not error. *People v Thomas Ross,* 73
Mich App 287; 251 NW2d 268 (1977). This claim is
without merit.

Defendant also raises as error certain prosecuto-
rial comments in closing argument. Absent de-
fense counsel objection or request for curative
instruction, the prosecutor argued to the jury, "All
of us are the people of the State of Michigan * * *
and all of us have a right to be protected and
secure in our person and in our property and to
the protection of the law". Thus he argued that
the fact that the victim was unemployed ought not
to be a determining factor in jury deliberations.
The prosecutor further stated that, while defen-
dant is entitled to a fair trial, justice is a two-way
street and the people were entitled to a fair trial,
also:

"Mr. Sanderson [victim] can obtain only one thing in
this trial and the people can obtain only one thing,
because I remind you that this is entitled in the name
of the people because it affects all of us and that is
justice. It is all that can be obtained. We forget that
there are two sides to the coin of justice. We are not
here to look for anything but one thing, and that is the
truth."

In the absence of objection by defense counsel,
appellate review of allegedly prejudicial remarks
by a prosecutor in closing arguments is precluded.
The trial court is deprived of an opportunity to

make a timely cautionary instruction and thereby eliminate any possible prejudice to the defendant. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). An exception to the preclusion rule exists where failure to consider the issue would result in a miscarriage of justice. Or, to rephrase, unless the prejudicial effect to defendant was so great that it could not have been cured by a timely cautionary instruction pursuant to defendant's objection, appellate review is precluded. *People v Tenbrink,* 93 Mich App 326; 287 NW2d 223 (1979).

Defendant maintains that the prosecutor improperly stressed the stabbing of the victim in his closing argument and therefore the emotions of the jury were aroused to an issue unrelated to defendant's guilt or innocence. The prosecutor made a single arguably prejudicial remark on elements of the crime in issue in this case. In the absence of timely objection, this Court will not reverse defendant's conviction on this claim since a cautionary instruction would have removed any possible prejudice to the defendant.

It is also noticed that the jury was instructed by the court that the attorneys' arguments should not be regarded as evidence. The argument which the prosecutor used here that the defendant classifies as "civic duty" is very similar to the arguments used in *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976), and *People v Edward Villarreal,* 100 Mich App 379; 298 NW2d 738 (1980). They are dispositive of defendant's claims of error as to the alleged "civic duty" arguments made by the prosecutor. In the absence of objection allowing cautionary instruction to cure prejudice and in the presence of instruction that counsels' argument was not evidence, these remarks do not create reversible error.

Defendant claims the trial court erred when it failed to instruct the jury that armed robbery is a specific intent crime. Once again, no objections were made to the trial court's instructions and satisfaction was expressed. Robbery is a specific intent crime and a trial court's erroneous instruction regarding intent is a ground for reversal notwithstanding the fact that there was no request for instruction and no objections made. *People v Martin,* 75 Mich App 6; 254 NW2d 628 (1977). However, a trial court is not required to use the phrase "specific intent" in an instruction to the jury. While it would be preferable for the trial judge to more fully explain the intent element of armed robbery, the issue on review is whether manifest injustice resulted from the instruction given and thus reversal is required. *People v Alexander, supra.* The instructions, when reviewed as a whole, did not mislead the jury, were adequate and not inconsistent with substantial justice, notwithstanding the failure of the trial court to more specifically discuss specific intent. The trial court carefully explained the elements of the nature of armed robbery with clarity and precision. *People v Fry,* 55 Mich App 18; 222 NW2d 14 (1974). Defendant's claim of error is rejected.

Defendant next claims denial of effective assistance of counsel, alleging the previously mentioned failures to object and, additionally, failure to adequately investigate and prepare for trial. An appropriate analysis under which a claim of ineffective assistance of counsel should be scrutinized is set forth in *People v Coyle,* 104 Mich App 636, 639; 305 NW2d 275 (1981):

"In Michigan, the merit of claims of ineffective assistance of counsel is determined by applying a bifurcated test. *People v Garcia,* 398 Mich 250; 247 NW2d 547

(1976), *reh den* 399 Mich 1041 (1977). The first branch of the inquiry focuses on the Sixth Amendment right to counsel, for which the Supreme Court has endorsed the standard established in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974). *People v Garcia, supra,* 264. To satisfy defendant's right to counsel, his lawyer 'must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations'. *Id.* Aside from reviewing the overall performance of counsel, an appellate court will also examine particular mistakes of counsel to safeguard defendant's right to a fair trial, which is the other branch of the inquiry. For this purpose, the *Garcia* Court adopted the standard developed in *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969):

" 'However, even where assistance of counsel satisfies the constitutional requirements, defendant is still entitled to a fair trial. Defendant can be denied this right if his attorney makes a serious mistake. But a court should not grant a new trial unless it finds that but for this mistake defendant would have had a reasonably likely chance for acquittal.' *Garcia, supra,* 266."

At the evidentiary hearing, the trial judge rejected defendant's claim that defense counsel did not have an adequate opportunity for conference, investigation, and preparation. Defense counsel was informed by the trial court that he could have whatever time he needed in order to prepare, and defense counsel indicated to the court that he didn't need additional time to prepare. Thus the trial judge concluded defendant was not denied effective assistance of counsel on these grounds. We find no reason to disagree. The other allegations of ineffective counsel refer principally to the failure to object. Each of these issues was discussed earlier in this opinion and found to be lacking in merit. While defense counsel arguably

should have acted by objecting to these issues his timely objection clearly would not have afforded the defendant a reasonably likely chance for acquittal. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976). On the motion for a new trial the trial court indicated there was sufficient foundation evidence to justify the previously mentioned boot into evidence.

It should also be noted that it is well established that this Court is reluctant to substitute its judgment for that of the trial counsel in merits of trial strategy. *People v Lotter,* 103 Mich App 386; 302 NW2d 879 (1981). A difference of opinion as to trial tactics does not amount to ineffective assistance of counsel. *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976). While defense counsel's overall performance may indeed be less than superb, his inaction on the issues does not warrant reversal of defendant's conviction. The complainant testified at length about the attack and robbery and clearly identified the defendant as the culprit. There was sufficient evidence to support the defendant's conviction. Even had the defense counsel acted in all respects consistently with the defendant's arguments on appeal, it seems that the defendant still would probably have been convicted. This claim of error is without merit.

The final issue raised is the claim that the trial court committed reversible error by failing to *sua sponte* instruct the jury on defendant's theory of the case. A review of the record reveals that defense counsel did not request the trial judge to instruct the jury on defendant's theory of the case, that being mistaken identification of the defendant. It appears that there is a split in this Court on whether such a duty exists consistent with GCR 1963, 516.7. One panel of this Court appears to

believe that a trial court must instruct on the defendant's theory of the case even in the absence of request and that failure to do so is reversible error. *People v Gayton,* 81 Mich App 390; 265 NW2d 344 (1978), *People v Stanley Jones,* 69 Mich App 459; 245 NW2d 91 (1976), *People v Newman,* 107 Mich App 535; 309 NW2d 657 (1981). Some of these cases are distinguishable and most of them reflect a dissent. All of them ultimately return to *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). We believe that reliance on *Jones* is misplaced. A careful reading of *Jones* would distinguish it from the various opinions of this Court. In *Jones,* defendant was charged with second-degree murder. Throughout the trial, defense counsel asserted that the shooting was accidental and in closing argument attempted to persuade the jury his client was not guilty of murder and that the jury might find a verdict of manslaughter. No request was made by either side for a manslaughter instruction. The trial judge, however, gave such an instruction on voluntary manslaughter without any objection and failed to give an instruction on involuntary manslaughter. This the Supreme Court held was error, stating, "Had the judge not instructed at all on manslaughter, there would be no reversible error, because no request for instruction on manslaughter was made. * * * Having undertaken to do so, however, it was reversible error to give a misleading instruction which recognized only the prosecution's theory but not the defendant's." *Ora Jones, supra,* 393. We read *Ora Jones* to mean that, if the trial judge *sua sponte* takes upon himself to instruct on the defendant's theory, he must then do so correctly. *Ora Jones* means nothing else in this context.

More persuasive is the logic of *People v Tram-*

*mell,* 70 Mich App 351; 247 NW2d 311 (1976), and
*People v Samuel Smith,* 85 Mich App 404; 271
NW2d 252 (1978), *rev'd on other grounds* 406 Mich
945 (1979), which conclude that a trial court is not
obligated to instruct on a defendant's theory of the
case when no request therefor is made or any
statement thereof submitted. However, the holding
that failure to summarize his theory of the case
was not error was inferentially upheld when the
Supreme Court in all other respects denied the
application for leave.

We quote, with approval, *People v Trammell,*
*supra,* 355: "The purpose of instructions is to
explain the issues and legal principals *[sic]* which
apply to the facts of a case. The court rules pro-
vide for requests and require objections, so as to
establish a foundation for appeal on alleged errors
in instruction." Occasionally, we must reiterate
and reemphasize the principle of jurisprudence
and judicial restraint. Without question it is the
duty of the trial judge to properly and adequately
instruct on the law, and once he chooses to speak
to speak correctly. On matters of defense, however,
we should occasionally be reminded that our juris-
prudence is based upon the rather unique and
extremely successful fair theory of advocacy that
the judge is advocate for neither the prosecutor
nor the defendant. We view with alarm any ten-
dency to move in that direction which is not
required by the absolute needs of impartial judi-
cial instruction. Supreme guidance has been given
in GCR 1963, 516.7.

Affirmed.

BEASLEY, J., concurred.

R. M. MAHER, P.J. *(concurring).* I concur in
Judge MARUTIAK's opinion. I write separately,

however, because I was on the panel that decided *People v Morris,* 99 Mich App 98, 99-101; 297 NW2d 623 (1980), in which this Court made the following comments in the course of holding that the trial court's failure to *sua sponte* instruct the jury on an accidental homicide theory was not reversible error:

"First, defendant contends that the trial court erred in failing to instruct the jury on a theory of accidental homicide without being requested to do so. The case cited in support of this proposition states that:

" 'However, when as here the defense theory is accidental homicide, the defense requests an instruction on the theory, and there is evidence to support the theory, the trial court must properly instruct the jury on the defense theory.' *People v Lester,* 406 Mich 252, 254-255; 277 NW2d 633 (1979).

"The *Lester* case demonstrates a feature which the other leading cases in this area share, *i.e.,* that the defense theory urged on appeal was, in fact, a central issue in the defendant's trial. Even where defense counsel failed to request jury instructions pertaining to a particular theory of defense, the absence of such an instruction has been held to be reversible error because the jury's attention was not clearly directed to a *central issue* in the case. *People v Ora Jones,* 395 Mich 379, 394; 236 NW2d 461 (1975). *People v Stanley Jones,* 69 Mich App 459, 461; 245 NW2d 91 (1976).

"In the above-cited cases and others, it is readily apparent that defense counsel emphasized the particular defense theory at trial. For instance, in *Ora Jones, supra,* 385, it is noted that defense counsel asserted accident as a defense in both opening and closing statements. The same was true in *People v Lester, supra,* 253-254, and in *People v Hoskins,* 403 Mich 95, 99; 267 NW2d 417 (1978), where the opinion recites that, '[d]efense counsel advanced his theory of self-defense from his initial voir dire of and opening remarks to the jury through his closing argument'.

"In contrast, the present defendant's theory of de-

fense was clearly and repeatedly stated to be one of diminished capacity. Defense counsel in both opening and closing arguments, and during discussions while trial was in progress, explicitly asserted that he was pursuing a defense of diminished capacity to intend to commit murder. Nowhere in the transcript did defense counsel proffer a defense based on accident. * * * Rather, the entire record demonstrates a defense based upon the diminished capacity of the defendant. In conclusion then, we find that defendant did not present a defense theory of accidental homicide, that defendant did not request an instruction pertaining thereto, that, while there may have been evidence which was inferentially supportive of an accident theory, it was not the design of defendant or her counsel to emphasize it as such and that, therefore, there was no need for the trial court to instruct the jury on accidental homicide. *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976)."

To the extent that the foregoing language suggests that the trial judge must *sua sponte* instruct the jury on the defendant's theory of the case, I must disavow it. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), stands for the proposition that, where the defendant's theory of the case is accident and where the trial judge takes it upon himself to give the jury an instruction on voluntary manslaughter, he must also instruct the jury on the elements of involuntary manslaughter. In the instant case, the defendant's theory was mistaken identity. Hence, *Ora Jones* does not require reversal. Since I have concluded that the trial court's instructions fairly apprised the jury that they were to acquit the defendant if they shared a reasonable doubt with respect to whether the complainant had correctly identified the defendant, I join in the affirmance of his conviction.