## PEOPLE v SEABROOKS

Docket No. 70210. Submitted February 7, 1984, at Detroit.—Decided June 18, 1984.

Eric E. Seabrooks was convicted of armed robbery and breaking and entering with intent to commit larceny, Recorders Court of Detroit, Lawrence D. Silverman, J. Defendant appealed, alleging several errors. *Held:*

1. Defendant's convictions of both armed robbery and breaking and entering with intent to commit larceny do not violate the guarantee against double jeopardy under either the "legal" or "factual" double jeopardy test. Each of the crimes contains an element not present in the other, thus making the crimes separate and distinct for double jeopardy purposes. Additionally, the presumption which arises in favor of multiple punishments for separate crimes was not rebutted by proof that the Legislature intended that only a single punishment result.

2. The trial court did not err in failing to instruct the jury *sua sponte* on the defendant's theory of the case. Such a *sua sponte* instruction is required only where the defendant's theory depends on a legally recognized defense reducing or negating his culpability. In this case, the defendant's theory was simply that he was not involved in the crime.

3. Defendant was not denied effective assistance of counsel because of his attorney's failure to request an instruction on defendant's theory of the case. In this case, such an instruction would not have given the defendant a reasonably likely chance of acquittal.

4. The trial court refused to give a requested instruction on

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 266, 279.
[2-4] 21 Am Jur 2d, Criminal Law §§ 277, 279.
[3] 50 Am Jur 2d, Larceny § 138.
    67 Am Jur 2d, Robbery § 48.
[5] 75 Am Jur 2d, Trial §§ 574, 575, 643, 654.
[6] 21A Am Jur 2d, Criminal Law § 752.
[7] 75 Am Jur 2d, Trial § 846.
[8] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
    75 Am Jur 2d, Trial §§ 906, 907.
[9] 75 Am Jur 2d, Trial § 853.

the credibility of police witnesses. No error occurred, however, because the instructions which the court gave properly covered the substance of the requested instruction.

5. The trial court's instructions on circumstantial evidence were proper.

Affirmed.

1. CRIMINAL LAW — DOUBLE JEOPARDY — LEGAL DOUBLE JEOPARDY.

Claims of "legal" double jeopardy are resolved by ascertaining the intent of the Legislature; where two separate statutes are violated, legal double jeopardy analysis focuses on whether or not each statute requires proof of a fact which the other does not, notwithstanding substantial overlap of proofs offered to establish the crimes.

2. CRIMINAL LAW — DOUBLE JEOPARDY — FACTUAL DOUBLE JEOPARDY.

"Factual" double jeopardy exists where a defendant is convicted of two crimes for violation of two separate and distinct statutes but where the Legislature intended that only a single conviction result.

3. CRIMINAL LAW — DOUBLE JEOPARDY — BREAKING AND ENTERING — ARMED ROBBERY.

Armed robbery and breaking and entering with intent to commit larceny are separate and distinct offenses, and a defendant may be convicted of both without violation of either legal or factual double jeopardy protections.

4. CRIMINAL LAW — DOUBLE JEOPARDY.

A presumption in favor of multiple punishment arises where a defendant is charged with two offenses which are separate under legal double jeopardy analysis, which presumption can only be rebutted by a clearly expressed legislative intent that only a single conviction and punishment is authorized; conversely, where the two offenses are the same under legal double jeopardy analysis, a presumption arises against multiple convictions and punishments.

5. CRIMINAL LAW — JURY INSTRUCTIONS — DEFENDANT'S THEORY OF CASE.

Failure of a trial court to instruct the jury *sua sponte* on a defendant's theory of the case is not error requiring reversal unless the defendant has presented a legally recognized defense reducing or negating his culpability.

6. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

> A two-pronged analysis is applied to a claim of ineffective assistance of counsel: (1) did defense counsel perform at least as well as a lawyer with ordinary training and skill in the criminal law and did he conscientiously protect his client's interests, and (2) did defense counsel make a mistake so serious that, but for the mistake, the defendant would have had a reasonably likely chance for acquittal.

7. CRIMINAL LAW — JURY INSTRUCTIONS — OMITTED INSTRUCTION.

> A defendant has the right to have the jury pass on the evidence under proper instructions; however, no error results from the omission of an instruction if the instructions as a whole cover the substance of the omitted instruction.

8. CRIMINAL LAW — JURY INSTRUCTIONS — FAILURE TO OBJECT.

> A verdict will not be set aside on the basis of an alleged error in the jury instructions where no objection was made to the alleged error at trial unless it has resulted in a miscarriage of justice; that is, where the erroneous or omitted instructions pertain to a basic and controlling issue in the case.

9. CRIMINAL LAW — JURY INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.

> The use of the jury instruction that, if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, the jury is bound to accept the construction indicating innocence, is confined to cases where the circumstantial evidence against the defendant is weak (former CJI 3:1:10[7], now CJI 4:2:02).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Mark R. Hall,* for defendant on appeal.

Before: BEASLEY, P.J., and GRIBBS and J. R. ERNST,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

GRIBBS, J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and of breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. He was sentenced to 10 to 20 years imprisonment for the armed robbery, and to 3 to 15 years for the breaking and entering, the sentences to run concurrently. Defendant appeals as of right. We affirm.

In the middle of the night two men awoke the victim in her bedroom, held a knife to her throat, smothered her with a pillow and demanded money. After tying the victim up with a telephone cord, the men took two television sets, a wedding ring, a remote control device, approximately $53, and her car keys. At 2:30 a.m. police officers observed two men, one of them defendant, in the vicinity of the victim's house. The two men were observed carrying a television set in the victim's backyard and garage. Defendant departed in the victim's Mustang. The other man left in an Oldsmobile. Police pursued the cars and apprehended both men. Defendant had a remote control device and approximately $53 on his person. A television set was found in the back seat of the Mustang.

The victim was freed by the police. They searched her house and found the basement windows open, one of them broken, and a tire iron nearby. The victim testified that her windows had been secured and intact prior to her retiring for the night.

On appeal, defendant raises several issues, none of which require reversal.

## DOUBLE JEOPARDY

Defendant argues that his convictions of both armed robbery and breaking and entering with intent to commit larceny violate the double jeop-

ardy clauses of the United States and Michigan Constitutions.

### Legal Double Jeopardy

The Double Jeopardy Clauses of the Michigan and the United States Constitutions protect against multiple prosecutions and multiple punishments for the "same offense". *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969); *People v Wakeford,* 418 Mich 95, 103; 341 NW2d 68 (1983). The inquiry under multiple punishment "legal" double jeopardy is whether or not two offenses are the same offense. *Wakeford, supra,* p 105, fn 9. Legal double jeopardy claims are resolved by ascertaining the intent of the Legislature. *Wakeford,* pp 105-106. Defendant claims that armed robbery and breaking and entering with intent to commit larceny are the same offense because of their overlapping larceny and intent to commit larceny elements.

Where, as in this case, two separate statutes are violated, legal double jeopardy analysis focuses on whether or not each statute requires proof of a fact which the other does not, notwithstanding substantial overlap of proofs offered to establish the crimes. *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932); *Iannelli v United States,* 420 US 770; 95 S Ct 1284; 43 L Ed 2d 616 (1975); *Wakeford, supra,* p 106, fn 10.[1] In other words, does each of the offenses require proof

---

[1] The *Blockburger* test should be applied only to double jeopardy claims involving two different statutes. The seminal cases analyzing multiple punishment double jeopardy for violation of a single statute were the "unit of prosecution" cases in which the courts determined what constituted a single crime or offense under a particular statute. *Wakeford, supra,* pp 107-108. However, the Legislature's authority to define a single criminal act or offense is not diminished by the Double Jeopardy Clause. This clause limits the prosecutor and courts, not the Legislature. *Wakeford, supra,* p 108.

of an additional or different element? *Blockburger,* p 304.

Under this test, defendant's two convictions do not violate the federal or state Double Jeopardy Clause. Breaking and entering does not require proof that a larceny occurred, only that it was intended, *People v Blankenship,* 108 Mich App 794; 310 NW2d 880 (1981), *lv den* 412 Mich 857 (1981); *People v Flores,* 92 Mich App 130; 284 NW2d 510 (1979), *lv den* 407 Mich 932 (1979), whereas armed robbery requires proof that a larceny occurred, but does not require proof of breaking and entering. *People v Karasek,* 63 Mich App 706, 710-711; 234 NW2d 761 (1975), *lv den* 395 Mich 800 (1975); see *People v West,* 122 Mich App 517; 332 NW2d 517 (1983). Under the legal double jeopardy test, defendant's convictions and punishments are separate and distinct and do not twice place him in jeopardy.

## Factual Double Jeopardy

"Factual" double jeopardy is an interpretive gloss placed on the Michigan Constitution's Double Jeopardy Clause. Factual double jeopardy exists if, despite the violation of two separate and distinct statutes, the Legislature nevertheless intended that only a single conviction result. *Wakeford,* pp 105-109, and fn 9. Factual double jeopardy does not depend on whether or not most or all of the same evidence is utilized to convict, but looks to the legislative intent and statutory purpose. The "one single wrongful act" test suggested by previous Michigan case law has been disavowed. *Wakeford,* pp 110-111. The factual double jeopardy doctrine simply asks whether the Legislature authorized multiple punishments under the circumstances. *Wakeford,* p 111. This Court has recently

found such authorization for multiple punishments for breaking and entering with intent to commit larceny and armed robbery. *People v Wise,* 134 Mich App 82; 351 NW2d 255 (1984).

A claim of factual double jeopardy is difficult to sustain when two offenses are separate and distinct under the legal double jeopardy analysis. *Wakeford,* p 110, fn 14. When the offenses are separate under legal double jeopardy, a presumption in favor of multiple punishment arises. It can only be rebutted by the clearly expressed legislative intent that only a single conviction and punishment is authorized. *Wakeford,* p 110, fn 14. Conversely, when two offenses are the same under the legal double jeopardy test, a presumption against multiple convictions and punishments arises, which can be rebutted only by a clearly expressed legislative intent indicating otherwise. *Wakeford,* p 110, fn 14. Thus, claims of factual double jeopardy, like those of legal double jeopardy, are to be resolved by ascertaining the intent of the Legislature.

Our conclusion that defendant's convictions are for two separate and distinct offenses under the legal double jeopardy analysis creates the presumption that the Legislature intended two convictions and punishments. *Wakeford,* p 110, fn 14. This presumption is not rebutted by a clearly expressed legislative intent authorizing only a single conviction and punishment.[2] See *People v Wise, supra.* Defendant's claim of factual double jeopardy is not sustained.

---

[2] Even under the "single wrongful act" test, *e.g., People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980), disavowed in *Wakeford, supra,* defendant's convictions did not constitute double jeopardy. The intent to commit larceny element of defendant's breaking and entering conviction could be reasonably inferred from circumstances other than the robbery. *E.g.,* the nighttime entry, the broken window and tire iron; see *People v Stevens,* 130 Mich App 1; 343 NW2d 219 (1983).

### DEFENDANT'S THEORY OF THE CASE

Defendant contends that the trial court's failure to instruct *sua sponte* on defendant's theory of the case constituted error.

GCR 1963, 516.7(a), as amended in 1980, provides that "[t]he court shall present to the jury the issues in the case and, *if a party requests* after the close of the evidence, that party's theory of the case" (emphasis added).

This Court has held that, under GCR 1963, 516.7, failure of the trial court to instruct *sua sponte* on defendant's theory of the case is not reversible error. *People v Wilson,* 122 Mich App 1; 329 NW2d 513 (1982), *lv den* 417 Mich 1085 (1983); *People v Peery,* 119 Mich App 207; 326 NW2d 451 (1982); *People v Smith,* 85 Mich App 404; 271 NW2d 252 (1978), *rev'd on other grounds* 406 Mich 945; 277 NW2d 642 (1979); *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976).

Other panels have found reversible error for failure to instruct *sua sponte* on defendant's theory, but under circumstances distinguishable from this case. In those cases, defendant's theory mitigated, justified or negated an element of the charged offense. *E.g., People v Hearn,* 100 Mich App 749; 300 NW2d 396 (1980) (consent; CSC I); *People v Stanley Jones,* 69 Mich App 459; 245 NW2d 91 (1976), *lv den* 401 Mich 831 (1977) (accident; first degree murder); see also *People v Gayton,* 81 Mich App 390; 265 NW2d 344 (1978) (self defense; homicide). We interpret those cases as requiring a *sua sponte* instruction on defendant's theory only if he presents a legally-recognized defense. *People v Wilson, supra.* Such is not the case here.

In this case, defendant's testimony and "theory" was that he was not one of the men involved in

the breaking and entering and robbery, that he was at the scene for other reasons, and that his incriminating statements to the police were involuntarily made. His theory did not encompass a legally-recognized defense reducing or negating his culpability. Defendant claimed he did not commit the offense. The trial was a credibility contest between defendant and the police who identified him as one of the perpetrators.

The trial court's failure to instruct *sua sponte* on defendant's theory of the case under the circumstances of this case was not error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that he was denied effective assistance of counsel by defense counsel's failure to request an instruction on defendant's theory of the case.

In Michigan, a two-prong analysis is applied to determine the merits of a claim of ineffective assistance of counsel: (1) *constitutional 6th Amendment* (did defense counsel perform at least as well as a lawyer with ordinary training and skill in criminal law and conscientiously protect his client's interest?); and (2) *nonconstitutional "serious mistake"* (did defense counsel make a mistake so serious that, but for the mistake, defendant would have had a reasonably likely chance for acquittal?). *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977); *People v Coyle,* 104 Mich App 636, 639; 305 NW2d 275 (1981), *lv den* 415 Mich 851 (1982).

Defendant raises only the second prong and contends that defense counsel's failure to request the theory instruction was a "serious mistake". We disagree. Even if defense counsel's failure to

request such an instruction was a mistake, it was not a mistake of such magnitude that it requires reversal. It did not create a real danger that defendant would be convicted erroneously. *Garcia, supra.*

Defendant's position and testimony at trial was that he was innocently at the scene of the crime and was misidentified as one of the robbers. This was not a case which was factually complex, nor a case which involved a legal defense such as intoxication, mental illness, or self defense. An instruction on defendant's theory would add little to the jury's understanding of defendant's theory. The trial involved a test of credibility between the police officers and defendant. A review of the record shows that the evidence supporting defendant's conviction, if believed by the jury, was great. An instruction on defendant's theory would not have given defendant a reasonably likely chance of acquittal. *Garcia, supra,* p 266.

Thus, defense counsel's failure to request an instruction on defendant's theory of the case was not a "serious mistake" and does not require reversal.

### JURY INSTRUCTIONS

#### *CJI 5:2:13*

Defendant argues that the trial court's refusal to give a requested cautionary instruction on the credibility of police witnesses, CJI 5:2:13, was error. He contends that the lack of this instruction, coupled with an instruction given that the jury could consider defendant's interest in the outcome of the case, caused the jury to view defendant's testimony in a different manner than the testimony of the police.

The omitted instruction provides:

"The fact that a witness is a police officer does not give his testimony any greater or lesser weight than the testimony of any other witness. You as jurors have the duty of [weighing/judging] the believability of the testimony of all witnesses and giving a witness's testimony such weight as you believe it deserves under all of the circumstances you have observed, and this includes the testimony of police witnesses. Such testimony is to be judged by the same standards as any other testimony." CJI 5:2:13.

A defendant has the right to have the jury pass on the evidence under proper instructions. *People v Lambert,* 395 Mich 296, 304; 235 NW2d 338 (1975); *People v Bender,* 124 Mich App 571, 574; 335 NW2d 85 (1983). However, no error results from the omission of an instruction if the instructions as a whole cover the substance of the omitted instruction. *Bender, supra,* p 575; *People v Bradley,* 62 Mich App 39; 233 NW2d 177 (1975). The instructions must be viewed in their entirety to determine if reversible error has occurred. *People v Owens,* 108 Mich App 600; 310 NW2d 819 (1981), *lv den* 412 Mich 866 (1981).

The trial court, although denying the request for CJI 5:2:13, instructed the jury as follows:

"In this case some police officers have offered testimony tending to show that the defendant was one of the persons who committed the crimes. In considering whether the prosecution has proved beyond a reasonable doubt that the defendant is the person or one of the persons who committed the crimes, you should consider the opportunity of a particular witness to observe the criminal acts and the person or persons committing them, including the length of time available for observing, whether or not the witness had occasion to see or know the defendant before the incident, the

distance between the various parties, the light or lack of light at the time, the state of mind of the witness at the time, and any other circumstances which may have effected *[sic]* the opportunity of the witness to observe the person or persons committing the offense."

The trial court also instructed the jury that they could consider defendant's interest in the outcome of the case and the reasonableness of his testimony in light of all the evidence. This instruction was proper. *People v Williams,* 208 Mich 586; 175 NW 187 (1919); *People v Nash,* 61 Mich App 708, 715; 233 NW2d 153 (1975). We distinguish *People v Beck,* 96 Mich App 633, 637; 293 NW2d 657 (1980), where the court instructed on defendant's interest in the outcome, but did not instruct the jury to view his testimony in light of all the evidence.

The court further instructed the jury that they were to consider the evidence and testimony of all witnesses, that the evidence should be considered without regard to which side produced it, that the defendant's testimony was to be considered in the same light and with the same measurement as that of other witnesses, that the prosecution bears the burden of proving guilt beyond a reasonable doubt, and that the jury should consider the factors which could affect the witnesses' observations.

Viewed in their entirety, the instructions did not create a danger that the jury would view defendant's testimony differently from the testimony of the police. The omission of the requested instruction was not reversible error.

### CJI 3:1:10

Defendant further argues that the trial court's failure to give CJI 3:1:10(6) and (7) on circumstantial evidence constituted error. The trial

court gave general instructions on circumstantial evidence, but omitted the following instruction:

"(6) Circumstantial evidence must be considered by the following rules:

"(A) The circumstances themselves must be believed.

"(B) The circumstances must be consistent with guilt and inconsistent with innocence.

"(C) The circumstances must be of such a conclusive nature and tendency that they convince you beyond a reasonable doubt of the defendant's guilt.

"(7) If the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

Defense counsel did not object to the court's failure to give this specific instruction, but raised the omission as error in a motion for a new trial. When no objection is made to an alleged error in the instructions, a verdict will not be set aside on the basis of such error unless it has resulted in a miscarriage of justice. *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976); MCL 768.29; MSA 28.1052; MCL 769.26; MSA 28.1096, see also GCR 1963, 516.2. A miscarriage of justice occurs when the erroneous or omitted instructions pertain to a basic and controlling issue in the case. *People v Hall,* 77 Mich App 456; 258 NW2d 517 (1977), *lv den* 402 Mich 909 (1978). We find that the omission of CJI 3:1:10(6) and (7) did not result in a miscarriage of justice. These instructions were not required in this case.

The giving of CJI 3:1:10(7) is confined to cases where the circumstantial evidence against the defendant is weak. *People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980), *lv den* 417 Mich 963 (1983). In situations where the "evidence fa-

voring defendant's theory of innocence [is] not reasonable in comparison with the construction favoring guilt", the instruction is to be omitted. *Freeland, supra,* p 505. Otherwise, use of this instruction would render it difficult to obtain convictions in cases involving circumstantial evidence. *Freeland, supra;* see *People v Hatch,* 126 Mich App 399; 337 NW2d 79 (1983); *People v Peete,* 113 Mich App 510; 317 NW2d 666 (1982). In this case, the evidence against defendant was substantial. He was observed carrying a television set in the victim's backyard and garage, he was identified as the driver of the stolen Mustang, and he was found with stolen property on his person. The evidence against defendant was not weak, and the giving of CJI 3:1:10(7) was not required.

Furthermore, CJI 3:1:10(6) and (7) incorrectly suggest that a burden of proof other than that of beyond a reasonable doubt is involved whenever there is circumstantial evidence. *People v Corbett,* 97 Mich App 438; 296 NW2d 64 (1980), *lv den* 411 Mich 856 (1981). This Court has disapproved of these instructions:

"Strangely, considering the voluminous commentary generally, CJI does not provide commentary on CJI 3:1:10 and the source of the so-called rules in paragraph (6) is unknown. Regarding those rules, (6)(A) seems to be a truism that need not be stated in instructions; (6)(B) appears to be a repetition of paragraph (7), discussed below and, like (6)(C), disregards the direct evidence. Paragraphs (6) and (7) seem to say that, to convict, the jury must be satisfied of guilt beyond a reasonable doubt from the circumstantial evidence alone. That is entirely incorrect. When there is both direct and circumstantial evidence, all of it should be considered." *Corbett, supra,* p 444.

We also note that CJI 3:1:10 was amended in

1982, and paragraph (6) was omitted. See CJI 4:2:02. This amendment, however, was not effective until February of 1983, eight months after defendant's trial.

We find that the trial court's failure to give CJI 3:1:10(6) and (7) does not require reversal of the jury verdict.

Affirmed.