PEOPLE v PAQUETTE

Docket No. 54814. Submitted December 9, 1981, at Lansing.—Decided
April 6, 1982. Leave to appeal applied for.

James Paquette was convicted of first-degree criminal sexual
conduct, Tuscola Circuit Court, Martin E. Clements, J. Defen-
dant appeals, alleging that the trial court erred in not allowing
admission of evidence concerning the complainant's sexual
conduct, by failing to instruct the jury on the defense of
consent, by preventing the defendant from presenting evidence
of his reputation for peacefulness, and by implicitly threatening
the complainant with a perjury charge if she recanted her
preliminary examination testimony. *Held:*

1. Evidence of the complainant's sexual behavior was not
relevant to her veracity, and the proffered evidence was of low
probative value in regard to the issue of consent. Exclusion of
the evidence was not error.

2. The defendant did not request an instruction on the
defense of consent. Also, the instructions given with regard to
force and coercion would have precluded a guilty verdict if the
jury had believed that the complainant had consented.

3. Reversal may not be predicated on the trial court's alleged
prevention of the defendant from presenting evidence where
the defendant did not seek to have the evidence admitted at
trial, made no offer of proof, and where there is no indication
in the record that such evidence could have been produced.

4. The trial court's admonition to the complainant to testify
truthfully did not constitute a requirement that her trial
testimony match her previous testimony.

Affirmed.

---

References for Points in Headnotes

[1] 65 Am Jur 2d, Rape § 82.
Modern status of admissibility, in forcible rape prosecution, of
complainant's general reputation for unchastity. 95 ALR3d 1181.
Modern status of admissibility, in forcible rape prosecution, of
complainant's prior sexual acts. 94 ALR3d 257.
[2] 75 Am Jur 2d, Trial §§ 574, 575.
[3] 5 Am Jur 2d, Appeal and Error § 604.
[4] 46 Am Jur 2d, Judges § 166.

1. RAPE — EVIDENCE — COMPLAINANT'S REPUTATION.

Evidence concerning the complainant's previous sexual conduct and reputation for unchastity was properly excluded in a trial for criminal sexual conduct where the complainant's sexual behavior was not relevant to her veracity, where, relating to the issue of consent, the defendant's offered evidence did not show a pattern of voluntary encounters similar to the incident leading to the present charges, and where the evidence relating to the complainant's reputation for unchastity was of low probative value.

2. CRIMINAL LAW — JURY INSTRUCTIONS — REQUEST FOR INSTRUCTIONS — COURT RULES.

Generally, the failure of the trial judge in a criminal trial to instruct the jury on any point of law is not a ground for reversal unless the defendant requested such an instruction; however, the judge's instructions must include all of the elements of the crime charged and must not exclude from consideration by the jury material issues, defenses, or theories if there is evidence to support them (GCR 1963, 516.2).

3. APPEAL — EVIDENCE — RULES OF EVIDENCE.

A defendant may not predicate error upon a ruling of the trial court which allegedly prevented the defendant from presenting certain evidence where no such evidence was offered at trial, no offer of proof was made and there is no indication in the record that the defendant could have produced such evidence (MRE 103[a]).

4. TRIAL — JUDGES.

A trial judge must remain impartial and may not assume a prosecutorial role.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Artis M. Noel,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people.

*Michael A. Mason,* for defendant on appeal.

Before: MacKENZIE, P.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

MacKENZIE, P.J. After a jury trial, defendant

and codefendant Alvin Edward Thrasher were convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant was sentenced to imprisonment for 12 to 20 years and now appeals by right.

At trial, it was undisputed that complainant had been driving alone at night on a country road when her car ran out of gas. Complainant was five months pregnant at the time. Defendants stopped to help her and drove her to a gas station. According to complainant, while taking a roundabout route back to her car, defendants forced her to perform various sexual acts with them by threatening to hurt her and her unborn baby. On the other hand, defendants testified that the sexual acts took place at complainant's instigation. Defendant Paquette testified that complainant's forwardness led him to make a disparaging remark about her, and defense counsel theorized that the remark led complainant to accuse defendants of rape. Defendants testified that they were unaware of complainant's pregnancy until she informed them after the sexual acts took place. The result at trial turned on the jury's evaluation of the relative credibility of defendants and complainant.

I

MCL 750.520j(1); MSA 28.788(10)(1) provides:

"Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

"(a) Evidence of the victim's past sexual conduct with the actor.

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease."

At trial, defendants proposed to offer three types of evidence concerning complainant's sexual conduct:

(1) Evidence that complainant had sexual relations with men other than defendants or her husband, including evidence concerning an incident in which complainant met a man in a bar and accompanied him elsewhere for consensual sexual relations;

(2) Evidence that complainant had told someone that she was not getting enough sex at home due to her husband's physical condition;

(3) Evidence concerning complainant's reputation for unchastity.

The trial judge relied on the statute to prevent defendants from introducing such evidence. On appeal, defendant argues that exclusion of the proferred evidence denied him due process by limiting his ability to confront his accusers and to present evidence relevant to his defense. Defendant relies on a line of United States Supreme Court decisions which includes *Washington v Texas,* 388 US 14; 87 S Ct 1920; 18 L Ed 2d 1019 (1967), *Chambers v Mississippi,* 410 US 284; 93 S Ct 1038; 35 L Ed 2d 297 (1973), and *Davis v Alaska,* 415 US 308; 94 S Ct 1105; 39 L Ed 2d 347 (1974). We first note that complainant's sexual behavior was not relevant to her veracity. *People v Chaplin,* 412 Mich 219; 313 NW2d 899 (1981), *People v Thompson,* 76 Mich App 715; 257 NW2d 268 (1977), *lv den* 402 Mich 829 (1977), *People v Dawsey,* 76 Mich App 741; 257 NW2d 236 (1977).

Less clear is the relevance of complainant's consensual sexual relations with persons other than defendants to the issue of consent. As long ago as *People v McLean,* 71 Mich 309, 312; 38 NW 917 (1888), the Court said:

"Evidence that the prosecutrix is a common prostitute, or that her character for chastity is bad, is admissible, and particular acts of unchastity or sexual intercourse with the defendant may be shown; but evidence of such acts with a third person is not admissible."

In *Dawsey, supra,* 750-752, such evidence was held to be irrelevant, while in *Thompson, supra,* 712, the Court held that the prejudicial effect of such evidence outweighs its probative value. See also *People v Patterson,* 79 Mich App 393; 262 NW2d 835 (1977), *People v Arenda,* 97 Mich App 678, 681; 296 NW2d 143 (1980), *lv gtd* 410 Mich 869 (1980), and *People v LaPorte,* 103 Mich App 444, 453; 303 NW2d 222 (1981). However, other authority recognizes that such evidence may be relevant and admissible in certain instances. See *People v Khan,* 80 Mich App 605, 620-622; 264 NW2d 360 (1978), *lv den* 402 Mich 903 (1978), *Dawsey, supra* (KAUFMAN, J., *dissenting in part),* and *Patterson, supra* (CAVANAGH, J., *concurring).* Compare *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), in which similar acts by that defendant were held to be admissible to show nonconsent. The test suggested in *Khan, supra,* 620, derived from Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom,* 77 Col L Rev 1, 60 (1977), is whether "proof of prior sexual conduct pertains narrowly to acts evincing a *pattern* of voluntary encounters characterized by distinctive facts similar to the current charges".

Given that such evidence is presented, the au-

thorities differ as to the test to be applied to determine whether the constitution requires its admission despite the statute. Judge KAUFMAN and the panel in *Khan* would balance the competing interests of defendant and the state, while Judge CAVANAGH would admit the evidence where it "might raise in the mind of a juror a reasonable doubt as to a defendant's guilt". *Patterson, supra,* 413.

We need not resolve these conflicts here, because under any test the evidence of complainant's sexual relations with men other than defendants was inadmissible. The only incident specified in defendant's offer of proof was one in which complainant met a man in a bar and accompanied him elsewhere for consensual sexual relations. In contrast, defendants' version of the incident at issue here was that complainant instigated simultaneous sexual relations with two strangers in the cab of a pickup truck. A pattern of voluntary encounters characterized by distinctive facts similar to those involved in defendants' version of the incident at issue here was not presented.

Evidence that, at some unspecified time, complainant had told someone that she was not getting enough sex at home due to her husband's physical condition was not relevant. Undisputed evidence in the record indicates that complainant was separated from her husband at the time of the incident at issue here.

No Michigan authority has determined whether evidence of a complainant's reputation for chastity is admissible despite the statute, but, in *Dawsey, supra,* 753, the Court suggested that exclusion of such evidence would raise a serious constitutional question. The rationale for this suggestion was apparently the position, taken in cases such as

*McLean, supra,* that evidence of a complainant's reputation for unchastity was admissible while evidence of specific instances of unchastity was not. However, the basis for that rule was the relatively small prejudicial effect of reputation evidence; the probative value of such evidence is also less than that of evidence of specific instances of conduct. McCormick, Evidence (2d ed), § 186, p 443. See also *Patterson, supra* (CAVANAGH, J., *concurring),* 402, fn 8. In view of the low probative value of such evidence, we can say neither that defendant's interest in the presentation of such evidence outweighs the state's interest in encouraging the prosecution of rapists by protecting witnesses from harrassment and humiliation on the witness stand nor that admission of such evidence might raise in the mind of a juror a reasonable doubt as to defendant's guilt.

## II

Defendant argues that the trial judge erred by failing to instruct the jury on the defense of consent. No request for such an instruction was made at trial. Generally, the failure of the trial judge to instruct on any point of law is not a ground for reversal unless defendant requested such an instruction. GCR 1963, 516.2, *People v Hanna,* 85 Mich App 516; 271 NW2d 299 (1978). However, the trial judge's instructions to the jury must include all of the elements of the crime charged and must not exclude from consideration by the jury material issues, defenses, or theories if there is evidence to support them. *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975), *People v Hearn,* 100 Mich App 749, 753; 300 NW2d 396 (1980).

Defendant relies on *Hearn, supra,* 755, which, at

first glance, presented an issue similar to that presented here. The Court held:

"In the instant case, Hearn's theory of defense was that the sexual intercourse was consensual. The court instructed the jury solely as to the two elements of the offense, that is, sexual penetration and the defendant being armed with a weapon. This was not sufficient. Defendant's theory of defense should have been presented to the jury in the instructions."

However, Hearn was charged with having committed first-degree criminal sexual conduct by engaging in sexual penetration with another person while armed with a weapon, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). Hearn had testified that he had engaged in sexual penetration with the complainant with her consent and that he had been armed with a pocket knife which, however, he did not display. *Hearn, supra,* 752. Without instruction on the defense of consent, the jury might have believed Hearn's story but nevertheless convicted him.

In contrast, here defendant was charged with having committed first-degree criminal sexual conduct by engaging in sexual penetration with another person while aided and abetted by another person and while using force or coercion to accomplish the penetration, MCL 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii). The trial judge instructed the jury:

"A person is guilty of criminal sexual conduct in the first degree, if he engages in sexual penetration with another person, and the actor is aided or abetted by one or more other persons, and the following circumstances exist. The actor uses force or coercion to accomplish the sexual penetration.

"Force or coercion includes when the actor overcomes the victim through the actual application of physical force, or physical violence, and when the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.

\* \* \*

"The term force or coercion means the use of actual physical force by the defendant, or any action or threat sufficient to create a reasonable fear of dangerous consequences.

"It is sufficient force if the defendant overcame the complainant through the actual application of physical force, or physical violence. It is sufficient force if the defendant made the complainant submit by threatening to use force or violence on the complainant, and the complainant believed that the defendant had the present ability to carry out those threats."

A jury following such instructions could not have convicted defendant if it believed that complainant had consented to the sexual penetration.

## III

Codefendant Thrasher called Milton Hopkins as a character witness. When Hopkins was asked whether he knew Thrasher's reputation for peacefulness, the trial judge sustained an objection by the prosecutor and ruled that such evidence could not be admitted. Defendant Paquette argues that this ruling prevented him from offering similar evidence as to his reputation for peacefulness. However, defendant Paquette did not seek to have such evidence admitted at trial, made no offer of proof, and nothing in the record indicates that he could have produced such evidence. Under such circumstances, no basis for reversal is presented. See MRE 103(a), which provides in relevant part:

"Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

\* \* \*

"(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

## IV

Shortly before trial commenced, the following exchange took place:

"However, while [complainant] is here, the Prosecuting Attorney has indicated that you do not desire to testify in this case. Have you been subpoenaed, that is, have you been given a court order to appear here?

*"[Complainant]:* Uh huh.

*"The Court:* [Complainant], if the Prosecuting Attorney continues with the case, presumably you will be called as a witness in this case and you would be required under the law as a witness to testify, and it would not be your choice to testify, because this is a criminal case. It is not your case as such. You are a claimed victim, but the name of this case is the People of the State of Michigan versus these two individual defendants, do you understand that?

*"[Complainant]:* Uh huh.

*"The Court:* All right. I just want you to understand that if the Prosecuting Attorney from Tuscola County, Mr. Noel, calls you as a witness, and you're subpoenaed, you would be required to get on the witness stand and answer truthfully the questions put to you by any of the attorneys.

*"[Complainant]:* Uh huh."

A trial judge must remain impartial and may not assume a prosecutorial role. *People v Cole,* 349 Mich 175; 84 NW2d 711 (1957). Defendant argues that in the foregoing exchange the judge assumed

a prosecutorial role. We see no basis for such an argument; the judge accurately informed complainant of her legal obligations. Defendant claims that the admonition to complainant to testify truthfully carried an implicit threat of a perjury charge if complainant recanted her preliminary examination testimony. We cannot agree. The judge directed her to testify truthfully; he did not require that her trial testimony match her previous testimony.

Affirmed.