PEOPLE v GARY WILSON

Docket No. 53430. Submitted October 6, 1982, at Detroit.—Decided
  December 8, 1982. Leave to appeal denied, 417 Mich 1085.
  Gary S. Wilson was convicted of assault with intent to do great
    bodily harm less than murder, Recorder's Court of Detroit,
    David P. Kerwin, J. Defendant appealed, alleging that the trial
    court erred in failing to instruct the jury *sua sponte* on defen-
    dant's theory of the case. *Held:*
      A trial court is not required to present defendant's theory to
    the jury unless defendant makes a request for it.
      Affirmed.

CRIMINAL LAW — JURY INSTRUCTIONS — COURT RULES.
  A trial court is not required to present defendant's theory to the
  jury unless defendant makes a request for it.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *A. George Best, II,*
Assistant Prosecuting Attorney, for the people.

*Mark R. Hall,* for defendant on appeal.

Before: DANHOF, C.J., and N. J. KAUFMAN and
D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted of assault
with intent to do great bodily harm less than
murder in violation of MCL 750.84; MSA 28.279,
following a jury trial. He was sentenced to serve
from 6-1/2 to 10 years in prison. Defendant ap-
peals his conviction as of right.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 577, 727.

The only issue defendant presents on appeal which merits discussion is his claim that the trial court failed to properly instruct the jury concerning his theory of the case. With respect to this issue, defendant appears to confuse two distinct concepts. He argues that a trial court is required to instruct *sua sponte* on defendant's theory of the case and the law as it relates thereto.

It is well-established that, where the theory presented to the jury by defendant is a central issue in defendant's trial, the trial court is required to instruct the jury as to the law on that issue even if defendant fails to request such an instruction. *People v Ora Jones,* 395 Mich 379, 394; 236 NW2d 461 (1975); *People v Stanley Jones,* 69 Mich App 459, 461; 245 NW2d 91 (1976); *People v Morris,* 99 Mich App 98; 297 NW2d 623 (1980); *People v Newman,* 107 Mich App 535, 537; 309 NW2d 657 (1981); *People v Hearn,* 100 Mich App 749, 753; 300 NW2d 396 (1980); *People v Rone (On Second Remand),* 109 Mich App 702, 713; 311 NW2d 835 (1981); *People v Paquette,* 114 Mich App 773, 779; 319 NW2d 390 (1982); *People v Jansson,* 116 Mich App 674, 685-687; 323 NW2d 508 (1982). At least one panel of this Court has relied on these opinions to conclude that the trial court is also required to *sua sponte* present to the jury defendant's theory of the case. *People v Gayton,* 81 Mich App 390, 394; 265 NW2d 344 (1978). With this conclusion we cannot agree. The law by which a case is to be decided is distinguishable from a party's theory. *People v Robinson,* 79 Mich App 145, 162; 261 NW2d 544 (1977). The duty of the trial court to present a party's theory is governed by GCR 1963, 516.7:

"(a) The court shall present to the jury the issues in

the case and, *if a party requests* after the close of the evidence, that party's theory of the case.

"(b) After the close of the evidence each party shall submit in writing to the court a statement of the issues and, *if a party makes a request under subrule .7(a),* his theory of the case as to each issue. * * * The theory may include those claims supported by the evidence or admitted." (Emphasis supplied.)

In our opinion, the trial court is not required to present defendant's theory to the jury unless defendant makes a request for the same. *People v Trammel,* 70 Mich App 351, 353-354; 247 NW2d 311 (1976); *People v Samuel Smith,* 85 Mich App 404, 414; 271 NW2d 252 (1978), *rev'd in part on other grounds* 406 Mich 945; 277 NW2d 642 (1979); *People v Peery,* 119 Mich App 207; 326 NW2d 451 (1982).

In the present case, defendant does not claim that a legally recognized defense was presented concerning which the trial court inadequately instructed the jury. Rather, he merely claims that reversal is required because the trial court failed to *sua sponte* present to the jury his theory of the case. For the reasons stated above, defendant's claim is rejected.

We have also examined defendant's remaining claims and find them to be without merit. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979); *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981); *People v Coyle,* 104 Mich App 636, 639; 305 NW2d 275 (1981).

Affirmed.