*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SUZAN TRICIA PLEVA,

        Defendant-Appellant.

UNPUBLISHED
April 22, 2021

No. 351373
Macomb Circuit Court
LC No. 2018-004095-FH

Before: TUKEL, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial convictions of assault with a dangerous weapon, MCL 750.82, and driving with a suspended or revoked license, MCL 257.904(1). The trial court sentenced defendant, as a third-offense habitual offender (MCL 769.11), to 180 days in jail for the assault conviction (to be held in abeyance pending her successful completion of two years' probation) and 12 months of probation as well as 50 days in jail with credit for time served for the driving on a suspended license conviction. We affirm.

On or about October 22, 2018, defendant called her friend, Laquita Travis, and told her she was having problems at home and needed to talk. Defendant picked up Travis and the two drove to a liquor store, then drove toward Grosse Pointe, Michigan. Travis testified that defendant was "erratic" and "frazzled" and began yelling and cursing at her. Eventually, Travis expressed a desire to get out of the car and defendant pulled into the parking lot of an elementary school in St. Clair Shores, Michigan. Travis exited the vehicle and was standing on the pavement, leaning into the open car door to retrieve her belongings, when defendant suddenly "floored" the accelerator and the car "screeched backwards," knocking Travis "halfway in[to] the car." Travis got out of the car and defendant drove off. Defendant's account of the incident was substantially different. According to defendant, Travis got verbally and physically aggressive with her, prompting defendant to pull into the parking lot and ask Travis to leave the vehicle. Defendant testified that she thought Travis was out of the car when she began accelerating away. Defendant testified that she did not intend to harm the victim and that her actions were accidental. Defendant was ultimately convicted of assault with a dangerous weapon and driving on a suspended/revoked license. This appeal followed.

-1-

On appeal defendant asserts she was denied the effective assistance of counsel, due to counsel's failure to request a jury instruction on defense of accident, failure to object to the trial court's inadequate response to a jury question, and failure to adequately respond to the prosecutor's purportedly unfounded hearsay objections. Defendant asserts that the instances of ineffective assistance of counsel, both individually and cumulatively, entitle her to a new trial. We disagree.

Claims of ineffective assistance of counsel are mixed questions of fact and law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Findings of fact are reviewed for clear error, and questions of law are reviewed de novo. *Id.* Clear error exists where the reviewing court is left with a definite and firm conviction that the trial court made a mistake. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

However, where, as here, a defendant does not move for a new trial or evidentiary hearing in the trial court, the issue of ineffective assistance of counsel is unpreserved. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). We review unpreserved claims of ineffective assistance of counsel for mistakes apparent on the trial court record. *People v Seals*, 285 Mich App 1, 19-20; 776 NW2d 314 (2009); *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005), citing *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001). To succeed on a claim of ineffective assistance of counsel, a party must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel "cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

Defendant first argues that defense counsel was ineffective because he did not request that the jury be instructed regarding the defense of accident. A defendant has the right to a properly instructed jury. *People v Rodriguez*, 463 Mich 466, 472-473; 620 NW2d 13 (2000). "The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *People v Armstrong*, 305 Mich App 230, 240; 851 NW2d 856 (2014). "We review de novo claims of instructional error" and "must consider the instructions as a whole, rather than piecemeal, to determine whether any error occurred." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018) (citation omitted).

A court is not required to provide an instruction for defendant's theory of the case to the jury unless the defendant requests such an instruction. *Rodriguez*, 463 Mich at, 472-473, citing *People v Wilson*, 122 Mich App 1, 3; 329 NW2d 513 (1982). However, "a party may file a written request for jury instructions at or before the close of the evidence." MCR 2.512(A)(1). When a defendant requests a jury instruction on a theory or defense, the trial court is required to give the instruction if is supported by evidence. *Rodriguez*, 463 Mich at 472-473. If the instruction is not given, the defendant bears the burden of proving "that the trial court's failure to give the requested

instruction resulted in a miscarriage of justice." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002).

The evidence does not support defendant's claim that her actions were accidental. Defendant's only basis for her assertion that her actions were accidental is her testimony, which is contradicted by both video footage of the incident and Travis's testimony. Defendant admitted that the video footage shows Travis standing by the car door before getting hit by the vehicle. Travis testified that defendant had already put the car in gear while she was gathering her belongings before accelerating backward and knocking the victim into the car. In light of the video footage and Travis's testimony, defendant's defense of accident is not supported by the evidence.

Even if defense counsel provided ineffective counsel by not requesting a jury instruction on the defense of accident, that instruction would not have made a difference in the ultimate outcome. The jury heard defendant's testimony that her hitting Travis with the car was accidental. And the jury was instructed that it could only convict defendant of felonious assault if it found beyond a reasonable doubt that defendant *intended* to injure the victim or make her fear an immediate battery. Regardless of whether there was an instruction regarding the defense of accident, the jury could only have found defendant guilty of felonious assault if it found that she possessed the requisite intent for the crime. In other words, convicting defendant required the jury to rule out the possibility that her actions were accidental. Since the jury, by convicting defendant, concluded that she had the requisite intent for felonious assault, defense counsel's failure to request an instruction on the defense of accident would not have made a difference and did not result in a miscarriage of justice. *Riddle*, 467 Mich at 124.

Defendant next argues that defense counsel was ineffective because he failed to ask the judge to clarify that the "intent" element in the jury instructions was strictly related to the defendant's intent and not to Travis's subjective perception of the event/circumstances. This argument lacks merit.

We read jury instructions as whole when determining whether reversal is warranted. *People v Chapo*, 283 Mich App 360, 373; 770 NW2d 68 (2009), citing *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001). We will find no error if the jury instructions fairly presented the issues to be tried and sufficiently protected defendant's rights, even if the instructions are imperfect. *Id*. In addition, no error exists where the trial court's response to a jury question was legally accurate and did not mislead the jury. *People v Katt*, 248 Mich App 282, 310-311; 639 NW2d 815 (2001).

During deliberations, the trial court received a question from the jury: "[F]or the second element of the battery charge is [it] strictly related to the defendant's intent or can it apply to [Travis's] perception of the event or circumstances." Both attorneys agreed that the proper response to this question was to simply reread the instruction. The jury foreperson clarified that the jury's question was in regard to both the felonious assault charge and the lesser included charge of assault and battery. The trial court then addressed the jury members, stating that it was "going to reread the instructions" to them and that "[t]hat [wa]s [the] answer to your question." The trial court then proceeded to reread the instructions for the charged crimes. The rereading of the instructions addressed the intent element for both of the charged crimes:

The defendant is charged with the crime of assault with a dangerous weapon. To prove this charge, the prosecutor must prove . . . that the defendant either attempted to commit a battery on Laquita Travis or did an act that would cause a reasonable person to fear or apprehend an immediate battery . . . Second, that the defendant intended either to injure Laquita Travis or to make Laquita Travis reasonably fear an immediate battery . . . . You may also consider the offense of assault and battery. To prove this charge, the prosecutor must prove that the defendant committed battery on Laquita Travis. . . .[that t]he touching . . . [was] intended by the defendant, that is, not accidental, and it must have been against Laquita Travis' will. It does not matter whether the touching caused an injury. Second, that the defendant intended either to commit a battery upon Laquita Travis or to make Laquita Travis reasonably fear an immediate battery.

Defendant maintains that there is a reasonable probability that the outcome of her trial would have been different had defense counsel not acquiesced to the court just rereading the instructions on the elements, "which had confused the jury in the first instance, and instead asking for specific clarification." First and foremost, it is unclear what defendant is asking for. Defendant claims that defense counsel should have clarified that the intent element was related to defendant's intent "in a manner specific to [the jury's] question," but she offers us no explanation of what that manner would be.

Second, the trial court's actions were correct. As noted above, we read jury instructions as a whole, *Chapo*, 283 Mich App at 373, and no error exists if the jury instruction fairly presents the law and does not mislead the jury. *Katt*, 248 Mich App at 310-311. The jury instructions in this case were legally accurate and did not mislead the jury, and defense counsel twice affirmed that the proper response to the jury's question was to reread the instructions. This rereading of the instructions addressed the intent element for the charges under consideration. Therefore, the trial court's response to the jury question was appropriate and a request for clarification would have been futile. Since defense counsel "cannot be faulted for failing to raise an objection or motion that would have been futile," *Fike*, 228 Mich App at 182, defendant's argument is unavailing.

Defendant lastly argues that defense counsel's failure to respond appropriately to two of the prosecution's hearsay objections at trial resulted in the exclusion of testimony that was crucial to her defense. Hearsay is a statement, other than the one made by the declarant while testifying at the trial or hearing that is offered in evidence to prove the truth of the matter asserted. MRE 801(c); *People v Clark*, 330 Mich App 392, 432; 948 NW2d 604 (2019). A hearsay statement is generally inadmissible unless the statement fits one of the hearsay exceptions in MRE 803 or 804. *People v McLaughlin*, 258 Mich App 635, 651; 672 NW2d 860 (2003), quoting MRE 802.

Defendant first takes issue with the prosecution's hearsay objection to defendant's testimony that Travis had called her a "dumb racist mother—." Defense counsel responded that his question was "relevant to know . . . this situation." When the trial court reminded defense counsel that the objection at issue was a hearsay objection, not a relevance objection, defense counsel said, "I'm—I'm asking what she observed." The trial court responded, "There's no difference." Defense counsel then said, "Okay. I'll stick to the actions." The trial court did not allow the statement into the record.

The statement in question was not hearsay because it was not offered to prove the truth of the matter asserted. Thus, defense counsel's conduct fell below an objective standard of reasonableness because he should have responded to the hearsay objection by pointing out that it was not hearsay and failed to do so.

Defendant has not, however, established that, but for defense counsel's deficient performance, there is a reasonable probability that the outcome would have been different. Whether Travis called defendant a name was irrelevant to whether defendant accidently or purposefully accelerated her car and hit Travis. Moreover, the trial court never ordered that defendant's statement be struck from the record or instructed the jury to disregard it. The jury thus heard the statement as well as defendant's testimony concerning Travis's aggressive actions and temperament, and her (defendant's) lack of intent to harm Travis. Thus, defendant has not shown that defense counsel's failure to respond to the hearsay objection rendered counsel's performance ineffective.

The prosecution made another hearsay objection after defendant stated, in response to defense counsel's question about why she was afraid during the car ride, that Travis had called her a "n*****." When defense counsel attempted to move on to the next question, the trial court said to defense counsel: "Hold on. What is your response to th[e objection]? Do you have one?" Defense counsel replied, "[I]t's relevant to her state of mind." The trial court sustained the objection and instructed the jury to disregard the statement.

Again, the above statement is not hearsay. That is, the statement was not offered to prove the truth of the matter stated. Defense counsel did attempt to respond to the objection, but did so as if the objection was based upon relevancy rather than hearsay. Defense counsel's failure to respond appropriately again falls below an objective standard of reasonableness.

However, as with the first statement, defendant has not established prejudice. In other words, she has not shown that the outcome would likely have been different had defense counsel responded appropriately to the hearsay objection. Although the statement was stricken from the record and the jury told to disregard it, as noted above, defendant was able to testify concerning Travis's actions and expressions of ill temperament. Whether defense counsel responded to the prosecution's hearsay objections with the appropriate hearsay exceptions would have made no difference to the ultimate outcome at trial.

Defendant additionally argues that defense counsel's deficiency in responding to the prosecution's hearsay objections resulted in defendant being unable to present the bulk of her testimony. Defendant contrasts her situation with that of Travis, arguing that Travis was "allowed to testify as to what [defendant] allegedly said." However, as explained above, defendant was still able to present her view that Travis was aggressive, angry, and acting in a manner that made defendant fear for her safety, and her (defendant's) intent. Moreover, defendant fails to provide any particularity or detailed explanation of exactly what it was that she was unable to present. As a result, defendant's argument that defense counsel's failure to respond appropriately to the prosecution's hearsay objections at trial resulted in the exclusion of testimony that was crucial to her defense is without merit. Finally, because we have found no prejudicial error's on counsel's part that suggested he was ineffective, there are no cumulative errors that would warrant granting defendant a new trial. See *LeBlanc*, 465 Mich at 591.

Affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michelle M. Rick