PEOPLE v ROSS

Docket No. 77445. Submitted June 17, 1985, at Lansing.—Decided
September 4, 1985.

Edward R. Ross was convicted of first-degree criminal sexual
conduct, Oakland Circuit Court, Francis X. O'Brien, J. The
complainant was defendant's stepdaughter. At trial, defendant
admitted the act and testified that, while he knew it was
against the laws of Michigan and the laws of man, he believed
that incest was the key to the kingdom of heaven according to
the laws of God. Two experts testified at trial: one, that

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Appeal and Error § 737.
See the annotations in the ALR3d/4th Quick Index under Appeal
and Error.
[2] Am Jur 2d, Witnesses §§ 463 et seq.
See the annotations in the ALR3d/4th Quick Index under Cross-
examination.
[3, 4] Am Jur 2d, Criminal Law §§ 849 et seq.
See the annotations in the ALR3d/4th Quick Index under Speedy
Trial.
[5] Am Jur 2d, Criminal Law §§ 859-864.
See the annotations in the ALR3d/4th Quick Index under Speedy
Trial.
[6] Am Jur 2d, Evidence §§ 1080 et seq.
See the annotations in the ALR3d/4th Quick Index under Weight
and Sufficiency of Evidence.
[7] Am Jur 2d, Criminal Law §§ 46 et seq.
See the annotations in the ALR3d/4th Quick Index under Incompe-
tent or Insane Persons.
[8] Am Jur 2d, Criminal Law §§ 71-82.
See the annotations in the ALR3d/4th Quick Index under Incompe-
tent or Insane Persons.
[9] Am Jur 2d, Appeal and Error § 972.
See the annotations in the ALR3d/4th Quick Index under Weight
and Sufficiency of Evidence.
[10] Am Jur 2d, Criminal Law §§ 588 et seq.
See the annotations in the ALR3d/4th Quick Index under Sentence
and Punishment.
[11] Am Jur 2d, Criminal Law §§ 595 et seq.
See the annotations in the ALR3d/4th Quick Index under Sentence
and Punishment.

defendant was legally sane; the other, that he was not. Defendant was sentenced to from 30 to 100 years. He appealed, alleging numerous errors. *Held:*

1. The court admitted evidence of prior sexual acts of the defendant with the complainant and others. Defendant failed to object to its admission at trial, precluding appellate review absent manifest injustice. There was no manifest injustice.

2. A witness may be cross-examined on any matter relevant to any issue in the case, including credibility. The scope of cross-examination is within the discretion of the trial court, whose decision will not be reversed on appeal absent a clear showing of abuse. There was no abuse of discretion in allowing the prosecutor to cross-examine defendant's expert witness about his previous experience testifying in criminal trials.

3. Defendant was not denied his right to a speedy trial.

4. The evidence was sufficient to support defendant's conviction.

5. The prosecutor's closing arguments were fair comment on the evidence.

6. Defendant was not denied effective assistance of counsel.

7. Defendant's sentence did not shock the conscience of the Court of Appeals.

Affirmed.

1. EVIDENCE — APPEAL — PRESERVING QUESTION.

Appellate review of alleged error in the admission of evidence is precluded in the absence of manifest injustice where the complaining party failed to object to its admission at trial.

2. WITNESSES — CROSS-EXAMINATION — RULES OF EVIDENCE.

A witness may be cross-examined on any matter relevant to any issue in the case, including credibility; the scope of cross-examination is within the discretion of the trial court, whose decision will not be reversed on appeal absent a clear showing of abuse (MRE 611[b]).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — SPEEDY TRIAL.

Michigan courts engage in a balancing test whenever a speedy trial issue is raised; the four factors that must be balanced are: (1) the length of the delay; (2) the reason for the delay; (3) whether or not the defendant asserted his right to a speedy trial; and (4) the prejudice defendant has suffered because the case has not gone to trial.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — SPEEDY TRIAL.

A 6-month delay in bringing a criminal defendant to trial is

necessary to trigger a further investigation into whether or not the defendant's constitutional right to a speedy trial has been violated; after a delay of 18 months, prejudice to the defendant is presumed and the burden of proof is shifted to the prosecutor to prove that defendant has not been prejudiced.

5. CRIMINAL LAW — SPEEDY TRIAL — REASONS FOR DELAY.

The reasons for delay in bringing a defendant to trial must be examined when considering a claim of denial of a speedy trial and the responsibility for the delay must be attributed to the prosecutor or the defendant; where delay is unexplained, it is attributed to the prosecution.

6. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE.

A court in reviewing the evidence for sufficiency to support a conviction must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.

7. CRIMINAL LAW — INSANITY.

A person is legally insane if, as a result of mental illness or mental retardation, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law; the definition of insanity incorporates the Mental Health Code definition of mental illness as a substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life (MCL 330.1400a, 768.21a; MSA 14.800[400a], 28.1044[1]).

8. CRIMINAL LAW — DEFENSES — INSANITY — PRESUMPTIONS — BURDEN OF PROOF.

A defendant in a criminal proceeding is presumed sane, but once any evidence of insanity is introduced the prosecution has the burden of proving the defendant's sanity beyond a reasonable doubt.

9. CRIMINAL LAW — APPEAL — WEIGHT OF EVIDENCE.

A claim that the verdict is against the great weight of the evidence can be raised only in a motion for a new trial; an appellate court will reverse a conviction on this issue only where there was an abuse of discretion in denying the motion for a new trial; that is, where the denial was manifestly against the clear weight of the evidence.

10. CRIMINAL LAW — APPEAL — SENTENCING.

A criminal defendant may request review of the exercise of a

trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court; an excessively severe sentence is one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it.

11. CRIMINAL LAW — SENTENCING.

Sentencing requires consideration of a number of factors: (1) severity of the crime; (2) the nature of the crime; (3) circumstances surrounding the criminal behavior; (4) defendant's attitude toward his criminal behavior; (5) defendant's criminal history; (6) defendant's social and personal history; and (7) statutory sentencing limits; these factors should then be balanced with the objectives of imposing sentence: discipline of the wrongdoer, protection of society, reformation of the offender, and deterrence of others; the result should be a sentence tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *L. Brooks Patterson*, Prosecuting Attorney, *Robert C. Williams*, Chief Appellate Counsel, and *Margaret G. Horenstein*, Assistant Prosecuting Attorney, for the people.

*John D. Lazar*, for defendant on appeal.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,* JJ.

PER CURIAM. Defendant was convicted of first-degree criminal sexual conduct, MCL 750.250b(1)(b)(i); MSA 28.788(2)(1)(b)(i). He was sentenced to from 30 to 100 years in prison. His appeal as of right raises a myriad of issues, none of which require reversal.

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

The complainant in this case was defendant's 13-year-old stepdaughter. At trial, she testified that on December 25, 1981, she and the defendant had sexual intercourse. Approximately a month later, she told her mother about the incident and prosecution resulted. Defendant admitted having sexual intercourse with his stepdaughter. While he knew it was against the laws of the State of Michigan and the laws of man, he believed that, according to the laws of God, incest is the key to the kingdom of heaven.

Dr. George F. Evseeff, a psychiatrist, testified on defendant's behalf and it was his opinion that defendant was legally insane on the date of the offense. Dr. Charles Clark, a psychologist with the forensic center, was called as a rebuttal witness by the prosecution. He felt that defendant was not legally insane on the date of the offense.

The first issue on appeal is whether reversible error occurred when evidence of the defendant's prior sexual acts with the complainant and other members of his household was admitted. The question of whether evidence of prior sexual acts between the complainant and the defendant, when they are members of the same household, is admissible was answered in *People v DerMartzex*, 390 Mich 410; 213 NW2d 97 (1973). Recognizing that the credibility of the alleged victim is generally a principal issue in a criminal sexual conduct case, the Court held that "the probative value outweighs the disadvantage where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense". 390 Mich 413. The Court also pointed out that prior sexual intimacy between the parties is not always admissible; the trial judge has the discretion to exclude relevant evidence if

its probative value is outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury.

While in this case the credibility of the complainant was not at issue because defendant admitted he had sexual intercourse with her, defendant failed to object or ask the trial court to exercise its discretion to disallow the testimony. Absent manifest injustice, failure to object to evidence at trial will preclude appellate review. *People v Woods,* 416 Mich 581, 610; 331 NW2d 707 (1982). We find that no manifest injustice occurred.

In the same vein, defendant also complains of testimony by the prosecutor's expert witness, Dr. Clark, about four other charges of criminal sexual conduct against defendant relating to sexual activity with other children. The *DerMartzex* exception has not been extended to prior sexual acts between the defendant and persons in the same household other than the alleged victim. *People v Jones,* 417 Mich 285, 286; 335 NW2d 465 (1983). The Court reasoned that "[p]rior sexual acts between the defendant and persons other than the complainant are not part of the principal transaction". 417 Mich 289-290.

In this case, the prosecutor and defense counsel entered into a stipulation that there would be no reference to other sexual acts by the defendant with the brother and sisters of the victim. As a matter of policy, this Court should carefully review and enforce agreements entered into by the prosecutor in order to protect the integrity of the judicial system.

However, we note that the court fashioned an exception to the stipulation:

"And there is an exception to that stipulation and that is with the exception of possibly the defendant's

expert. The prosecution's questioning only relating to these other facts as a basis for an opinion.

"That exception is to be reconsidered by the Court if defense counsel requests before the expert takes the stand."

Defendant did not object to Dr. Clark's testimony. Absent objection, appellate review is precluded unless there is manifest injustice. *Woods, supra.* A review of the trial transcript indicates that the prosecutor's expert, Dr. Clark, referred to certain statements made by defendant during Dr. Clark's examination of him. The statements by defendant referred to the effects of his sexual abuse upon "the children". There was no other testimony regarding any specific sexual acts between defendant and the other children.

Because the only contested issue at trial was the defendant's mental state at the time of the offense and Dr. Clark's brief references about defendant's sexual acts with other children were made in order to help him explain how he formulated his opinion as to defendant's sanity, we find no manifest injustice. Dr. Clark was only given the same opportunity to explain the basis for his opinion that the court gave to defendant's expert.

The second issue on appeal is whether the prosecutor improperly impeached defendant's expert witness regarding the witness's propensity to testify on behalf of criminal defendants on the issue of insanity. MRE 611(b) provides that a "witness may be cross-examined on any matter relevant to any issue in the case, including credibility". The scope of cross-examination rests in the sound discretion of the trial court and an appellate court will not reverse absent a clear showing of abuse. *People v Johnston,* 76 Mich App 332, 336; 256 NW2d 782 (1977); *People v Richmond,* 35 Mich

App 115, 121; 192 NW2d 372 (1971). MRE 611(b) confers "broad discretion on the trial judge to decide the proper scope of cross-examination. Where no request to exercise its discretion is made, no error can be committed." *People v Goodard,* 135 Mich App 128, 140; 352 NW2d 367 (1984). Absent manifest injustice, defendant's failure to object at trial to testimony elicited by the prosecutor precludes appellate review. *People v Cleveland Wells,* 103 Mich App 455, 463; 303 NW2d 226 (1981).

We find no manifest injustice. The testimony was admissible as it pertained to the credibility and bias of the witness. We note that it was only after defense counsel, on redirect, elicited testimony from Dr. Evseeff that he sometimes found defendants to be legally sane and had, on previous occasions, testified on behalf of the prosecution, that the prosecutor questioned Dr. Evseeff about the percentage of times he had testified that a criminal defendant was insane. Thus, defendant opened the door to the line of questioning and no error resulted when the prosecutor followed up with additional questions on the same issue.

Defendant next argues that he was denied his right to a speedy trial because he was incarcerated for approximately 16 months prior to trial. Our Supreme Court has adopted a balancing test of four factors, originally expounded in *Barker v Wingo,* 407 US 514, 531; 92 S Ct 2182; 33 L Ed 2d 101 (1972), as a test for determining whether there has been a violation of the right to a speedy trial. *People v Grimmett,* 388 Mich 590, 601-606; 202 NW2d 278 (1972). The factors to be balanced are: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. *Id.*

A delay of six months is necessary to trigger

investigation into a claim that a defendant has been denied his right to a speedy trial. *People v Lowenstein,* 118 Mich App 475, 487; 325 NW2d 462 (1982). Where the delay is 18 months or greater, the burden shifts to the prosecutor to prove that defendant has not been prejudiced. 118 Mich App 487. In this case, the delay between arrest and trial was 15 months and 12 days, long enough to trigger investigation into defendant's claim, but not long enough to shift the burden of proving lack of prejudice to the prosecution.

The reasons for delay are examined by this Court and each period of delay is assigned to either the prosecutor or the defendant. See *People v Chism,* 390 Mich 104, 112-113; 211 NW2d 193 (1973). Where a delay is unexplained, it is charged to the prosecution. *People v Carner,* 117 Mich App 560, 577; 324 NW2d 78 (1982). Although the lower court record does not make entirely clear the reasons behind the numerous delays and adjournments, we can infer from the record that approximately 9-1/2 months of the delay was attributable to the prosecution and the remaining 6 months was due to the defendant and was usually caused by preparation for his insanity defense.

Defendant first asserted his right to a speedy trial on May 19, 1983, when he moved for a firm trial date, asking that he be guaranteed his right to a speedy trial. On June 6, 1983, defendant moved to dismiss the charge alleging that he had been denied his right to a speedy trial. Thus, defendant did not assert his right to a speedy trial until 14 months after his arrest and less than 1 month prior to his trial. Failure to promptly assert the right does not preclude a speedy trial claim, but it is one of the factors to be balanced. *People v Farmer,* 127 Mich App 472, 479; 339 NW2d 218 (1983).

We next examine whether defendant was prejudiced by the delay. There are two types of prejudice that may result: prejudice to a defendant's person and prejudice to his defense. *People v Collins,* 388 Mich 680, 694; 202 NW2d 769 (1972). Defendant did suffer personal prejudice in that he was incarcerated for 15-1/2 months prior to trial. However, a review of the record does not indicate that defendant suffered any prejudice in preparing or presenting his defense. The only witnesses called by the defendant were Dr. Evseeff and defendant himself, and the only issue was insanity.

We find that defendant was not denied his constitutional right to a speedy trial. Much of the delay was attributable to defendant and he suffered no prejudice in preparing or presenting his defense. In addition, defendant did not assert his right to a speedy trial until 14 months after his arrest.

We next turn to defendant's allegation that the evidence was insufficient to show that he was sane beyond a reasonable doubt. In determining whether there is sufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).

Statutorily defined, "[a] person is legally insane if, as a result of mental illness * * * or as a result of mental retardation * * * that person lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law". MCL 768.21a; MSA 28.1044(1). This statute incorporates by reference the Mental Health Code's definition of mental illness as a "substantial disorder of thought or

mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life". MCL 330.1400a; MSA 14.800(400a).

A defendant is presumed sane. Once any evidence of insanity is introduced, the prosecution then bears the burden of proving defendant's sanity beyond a reasonable doubt. *People v Murphy,* 416 Mich 453, 463-464; 331 NW2d 152 (1982).

In this case, defendant and Dr. Evseeff testified in support of defendant's claim of insanity. Dr. Evseeff felt that defendant was legally insane in that he was unable to appreciate the wrongfulness of his acts or to conform his behavior to the requirements of the law. On the other hand, Dr. Clark felt that defendant was able to appreciate the wrongfulness of his conduct and could conform his conduct to the law. Defendant himself testified that he knew his act of sexual intercourse with his stepdaughter violated the laws of the State of Michigan and was contrary to the laws of man. Defendant also testified that his act was not uncontrollable.

With experts offering conflicting opinions as to defendant's sanity, the decision as to which expert was more credible was left up to the jury. Dr. Clark's testimony coupled with defendant's own testimony enabled the jury to conclude that the prosecutor established defendant's sanity beyond a reasonable doubt.

The defendant also claims that the verdict was against the great weight of the evidence. A claim that the verdict is against the great weight of the evidence can only be raised by a motion for new trial. *People v Powers,* 272 Mich 303, 310; 261 NW 543 (1935); *People v Jackson,* 125 Mich App 251, 258; 335 NW2d 673 (1983). An appellate court will reverse on this issue only where there has been an

abuse of discretion in denying the motion for a new trial. *People v McCumby,* 130 Mich App 710, 717; 344 NW2d 338 (1983). An abuse of discretion will be found only where the trial court's denial of the motion was manifestly against the clear weight of the evidence. 130 Mich 717; *People v Matthews,* 53 Mich App 232, 235; 218 NW2d 838 (1974).

Defendant did move for a new trial on several grounds, including that the verdict was against the great weight of the evidence. The motion was denied. We find that the evidence adduced at trial supports the trial court's decision that the verdict was not against the great weight of the evidence. Accordingly, we find no abuse of discretion.

Defendant's next two issues merit little discussion. He alleges that the prosecutor engaged in misconduct such that defendant was denied a fair and impartial trial. We disagree. Defendant's allegations about prosecutorial misconduct concerning the victim's testimony and the impeachment of Dr. Evseeff have already been discussed and we find that no misconduct occurred. The prosecutor's closing arguments about the two experts who testified as to defendant's sanity or lack thereof constituted fair comment on the testimony and the credibility of the two witnesses. *People v Flanagan,* 129 Mich App 786, 796; 342 NW2d 609 (1983).

In a supplemental brief, defendant has raised the issue of ineffective assistance of counsel. Briefly, defendant alleges that his trial counsel, in closing argument, made certain remarks which constituted an admission of defendant's guilt. Because defendant admitted having sexual intercourse with his stepdaughter and stated that it was required by his religious beliefs, defense counsel argued that defendant should be found not guilty by reason of insanity. Attempting to get the

jury to accept defendant's defense is a matter of trial strategy about which this Court is reluctant to substitute its judgment. *People v Peery,* 119 Mich App 207, 216; 326 NW2d 451 (1982). Using the two-part test of *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), we do not find that defendant's trial counsel was ineffective.

The last issue we consider on appeal is whether the sentence meted out by the trial court shocks our conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). In reviewing a sentence for abuse of discretion, this Court has looked to the lower court record, the presentence report, the sentence limits imposed by statute, and the evidence supplied by the trial court in sentencing the defendant. See *People v Gistover,* 131 Mich App 313; 345 NW2d 703 (1984). An "excessively severe sentence is one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it". *Coles, supra,* pp 542-543.

Sentencing requires consideration of a number of factors: (1) severity of the crime; (2) the nature of the crime; (3) circumstances surrounding the criminal behavior; (4) defendant's attitude toward his criminal behavior; (5) defendant's criminal history; (6) defendant's social and personal history; and (7) statutory sentencing limits. See *Coles, supra,* p 548, fn 29. These factors should then be balanced with the objectives of imposing sentence: discipline of the wrongdoer, protection of society, reformation of the offender, and deterrence of others. See *Coles, supra,* p 550; *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). The result should be a sentence "tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection

and its interest in maximizing the offender's rehabilitative potential". *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

In the instant case, defendant was sentenced to serve a prison term of from 30 to 100 years after being found guilty of first-degree criminal sexual conduct. A panel of this Court remanded the case to the trial court for an explanation of the lower court's reasons for imposing this sentence. On January 14, 1985, a remand hearing was held wherein the trial court stated its reasons for imposing sentence.

A review of the court's explanation for the sentence indicates that the trial court took the proper factors into consideration, along with the objectives of sentencing announced in *Coles, supra,* and *Snow, supra.* Specifically, the court found that defendant readily admitted to sexual intercourse with his stepdaughter and was not remorseful. The trial court believed there was little hope of rehabilitation due to defendant's peculiar religious beliefs. The trial court found it necessary for the protection of society to keep defendant in prison for as long as possible. We are of the opinion that the trial court did not abuse its discretion such that it can be said that the sentence shocks the conscience of this Court.

Affirmed.