PEOPLE v HUGHES

Docket No. 90328. Submitted March 4, 1987, at Detroit. Decided May 5, 1987.

Errick E. Hughes was convicted of assault with intent to commit murder and possession of a firearm during the commission of a felony following a jury trial in Detroit Recorder's Court and was sentenced, Michael J. Talbot, J. Defendant appealed.

The Court of Appeals *held:*

1. The fact that the trial court omitted part of a standard criminal jury instruction does not entitle defendant to reversal of his convictions. Defendant failed to object to the omission at trial, and the omitted language did not pertain to an element of the crime, but, rather, pertained to certain affirmative defenses which were not at issue. No manifest injustice results from refusal to reverse the verdict on this basis.

2. The sentence imposed on defendant, from forty to eighty years in prison, did not shock the conscience of the Court.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that the court abused its discretion in imposing the forty-year minimum sentence. He would remand for resentencing.

1. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL — PRESERVING QUESTION.

A verdict will not be set aside on the basis of alleged errors in jury instructions where no objection was made to the instructions, unless the errors have resulted in a miscarriage of justice.

2. CRIMINAL LAW — JURY INSTRUCTIONS — MISCARRIAGE OF JUSTICE.

No miscarriage of justice is occasioned by an error in a jury instruction unless the erroneous instruction pertains to a basic and controlling issue in the case.

REFERENCES

Am Jur 2d, Appeal and Error §§ 553 *et seq.*; 891.

Am Jur 2d, Criminal Law §§ 595, 598, 599, 601.

See the annotations in the Index to Annotations under Appeal and Error.

3. Criminal Law — Assault with Intent to Commit Murder —
      Sentencing.

>   The wanton and lawless character of the defendant's act, the
>   defendant's intent to kill, and the need to deter others from
>   committing a similar offense are appropriate objectives for a
>   court to consider when imposing sentence on a defendant
>   convicted of assault with intent to commit murder.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: M. J. Kelly, P.J., and Sullivan and P. R. Joslyn,* JJ.

J. B. Sullivan, J. Following a jury trial, defendant was convicted of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to prison terms of from forty to eighty years on the underlying offense, plus two years on the felony-firearm offense, and now appeals as of right.

The evidence produced at trial established that, on August 28, 1985, defendant fired a handgun from a passing car approximately six times into a group of youths near Pershing High School in Detroit. Two of the shots struck one of the youths, who eventually recovered.

Defendant had been a student at Pershing, where he was entering the twelfth grade. Several of the youths in the group shot at testified they

---

* Circuit judge, sitting on the Court of Appeals by assignment.

knew defendant from school and, of these, some positively identified defendant as the assailant. Throughout the trial, defendant maintained he had been misidentified, which was his only defense.

Defendant first argues that the trial court committed error when, in instructing the jury on the underlying offense, it omitted from CJI 17:2:01, paragraph 5, the clause: "under circumstances that did not justify, excuse or mitigate the crime." Defendant maintains that this omission deprived the jury of knowing that it could consider circumstances which justified, excused or mitigated the crime.

A defendant, of course, has the right to have the jury pass on the evidence under proper instructions. *People v Lambert,* 395 Mich 296, 304; 235 NW2d 338 (1975); *People v Bender,* 124 Mich App 571, 574; 335 NW2d 85 (1983). However, since defendant failed to object below, this Court will not reverse the verdict absent manifest injustice, e.g., where the omitted instruction pertains to a basic and controlling issue. *People v Trammell,* 70 Mich App 351, 354; 247 NW2d 311 (1976).

We are not persuaded that the omitted instruction pertained to a basic and controlling issue. The court did in fact instruct on all the elements of the offense of which defendant was convicted. The omitted language did not pertain to an element of the crime, but, rather, pertained to certain affirmative defenses which were not at issue below.

The Use Note to the instruction states, "[*w*]*here appropriate,* give special instructions on justification or excuse (see Chapter 16), and on mitigation (see CJI 17:2:02), and transferred intent (see Chapter 16)." (Emphasis added.) Defendant did not maintain below that he committed the offense under justifiable or mitigating circumstances.

Rather, he denied committing the crime altogether. Consequently, we find no manifest injustice in our refusal to reverse the verdict.

Defendant also maintains that his sentence should shock the conscience of this Court. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). In imposing the sentence, the court articulated its consideration of the wanton and lawless character of defendant's act, defendant's intent to kill, and the need to deter others from committing a similar offense. These are appropriate objectives for a court to consider when imposing a sentence. See *People v Ross,* 145 Mich App 483; 378 NW2d 517 (1985).

Defendant nonetheless maintains that the judge ignored the lack of a criminal record and, consequently, gave no consideration to his allegedly high potential for rehabilitation. We disagree. In articulating its reasons, the court specifically acknowledged that defendant did "not formerly (have) problems as a juvenile" and was performing nominal work at the time of the incident. Although the court stated that such factors were in defendant's favor, it nonetheless permissibly placed greater emphasis on the other stated considerations. We do not believe that the sentence is one which "far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it." 417 Mich 542-543.

Affirmed.

P. R. JOSLYN, J., concurred.

M. J. KELLY, P.J. *(dissenting).* To paraphrase Mr. Justice Stevens in *Jackson v Virginia,* 443 US 307, 328; 99 S Ct 2781, 2794; 61 L Ed 2d 560, 579

(1979), this is a "squalid but rather routine" assault with intent to murder case. Detroit has hundreds each year. Rehabilitation for this high school pupil is effectively proscribed by the Proposition B sentence imposed. The trial judge may be excused for assuming the mantle of God's Angry Man but I am not convinced by his reasoning. Compared to other sentences for similarly savage violence, this sentence is disparate. The guidelines were promulgated to promote consistency. Aberrant departures in high profile cases are repugnant to the goal of distributive justice.

The sentencing guidelines' minimum range recommended in this case was 120 months to 240 months. That is so vast a variation between the lowest recommended minimum and the highest recommended minimum as to permit the trial court enormous discretionary latitude. In disregarding that latitude and imposing an indeterminate sentence minimum of forty years, I believe the trial judge abused his discretion and my conscience is thereby shocked.

I would remand for resentencing.