## PEOPLE v CROOK

Docket No. 89600. Submitted March 4, 1987, at Detroit. Decided August 3, 1987.

Henry J. Crook was convicted following a jury trial in the Recorder's Court for the City of Detroit of felonious assault and possession of a firearm during the commission of a felony. The trial court, James R. Chylinski, J., sentenced defendant to from three months to four years imprisonment on the assault conviction and to two years imprisonment on the felony-firearm conviction. Defendant appealed.

The Court of Appeals *held:*

1. The evidence was sufficient to sustain the felonious assault conviction.

2. The Court of Appeals determined that a miscarriage of justice did not result from certain comments made by the prosecutor during closing argument. To the extent that error occurred, such error could have been cured by an appropriate instruction had defendant so requested.

Affirmed.

1. Criminal Law — Felonious Assault.

The essential elements of the crime of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with intent to injure or place a victim in reasonable fear or apprehension of an immediate battery (MCL 750.82; MSA 28.277).

2. Criminal Law — Appeal — Prosecutorial Comment.

The Court of Appeals may decline to reverse a defendant's conviction as a result of improper prosecution arguments during closing argument where the errors in the trial court could have been cured by an appropriate instruction and an appropriate instruction was not requested and a miscarriage of justice did not result.

References
Am Jur 2d, Appeal and Error §§ 623-625
Am Jur 2d, Assault and Battery §§ 48 *et seq.*
See the annotations in the Index to Annotations under Appeal and Error; Arguments of Counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Brigid Vincent Marley,* Assistant Prosecuting Attorney, for the people.

*Marcia J. Covert,* for defendant.

Before: M. J. KELLY, P.J., and SULLIVAN and P. R. JOSLYN,* JJ.

M. J. KELLY, P.J. Defendant appeals as of right from jury convictions of felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). We affirm.

Defendant argues that the evidence is insufficient to sustain his felonious assault conviction. The essential elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with intent to injure or place a victim in reasonable fear or apprehension of an immediate battery. *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979); *People v Robinson,* 145 Mich App 562, 564; 378 NW2d 551 (1985). We are persuaded that, on the basis of the evidence produced in this case, any rational trier of fact could have concluded beyond a reasonable doubt that defendant appeared at complainant's house on October 15, 1984, accompanied by several friends, one of whom handed defendant a gun which he then pointed at complainant's house and fired. See *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). Seven eyewitnesses testified to this effect during the prosecution's case in chief and the only contradictory evidence was the testimony of defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant and an alleged accomplice. It was within the province of the jury to resolve the evidentiary dispute in favor of conviction.

Defendant also argues that he was denied a fair trial because of several comments made by the prosecutor during closing argument. Defendant, however, failed to object to any of the comments now complained about on appeal. We find that most of the comments challenged by defendant constitute proper closing argument. To the extent that the prosecutor went beyond proper argument when he described or listed the elements of felonious assault and commented upon the credibility of the witnesses, we find that the errors could have been cured by an appropriate instruction. Since the trial court adequately and accurately instructed the jury on the offenses charged, on the lesser included offense of reckless discharge of a firearm, and on the role of the jury in evaluating witness credibility, we are not persuaded that a miscarriage of justice has resulted in this case and we decline to reverse. *People v Federico,* 146 Mich App 776, 794; 381 NW2d 819 (1985).

There is no *Coles*[1] issue here but we note that defendant was sentenced to a prison term of from three months to four years on his felonious assault conviction, a lenient sentence.[2] Recently, this Court had occasion to review the sentence of Errick Hughes[3] who was convicted in the same court[4] of assault with intent to commit murder for having indiscriminately fired a handgun from a passing car into a group of Pershing High School

[1] *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

[2] His two-year sentence on the felony-firearm conviction was mandatory.

[3] *People v Hughes,* 160 Mich App 117; 407 NW2d 638 (1987).

[4] Crook was sentenced by Recorder's Court Judge James Chylinski; Hughes by Recorder's Court Judge Michael Talbot.

students. Hughes received a sentence of from forty to eighty years for his demonic act. Both defendant and Hughes were juveniles when they committed their offenses and neither had prior criminal records. Hughes shot, but did not kill, a member of the crowd fired upon. Crook announced he was going to "blow all six of you . . . away," fired two shots but did not hit anyone. These notably similar felonious acts resulted in very dissimilar punishments, forty years versus three months as minimums.

One stated purpose of the sentencing guidelines is to promote consistency of sentencing throughout the state. Here, the sentencing guidelines recommended a minimum sentence range of from zero to eighteen months. The minimum sentence imposed fell within the recommended range. In *Hughes,* the sentencing guidelines recommended a minimum sentence of from 120 to 240 months. The forty-year minimum sentence vastly exceeded the guidelines. Given the obvious similarities between these defendants and their criminal conduct, we are publishing this opinion to underscore the apparent inconsistency even within the guidelines and the pitfalls of gross deviation from guidelines recommendations. Meaningful appellate review is especially difficult when comparisons, always odious, are summoned up. There seems a sentencing range as wide as a church door and deep as a well for either judge in these extreme paradigms.

Affirmed.