PEOPLE v SCHNEPP

Docket No. 120739. Submitted September 13, 1990, at Grand Rapids. Decided October 15, 1990.

Stanley S. Schnepp pled guilty in Muskegon Circuit Court to a charge of possession with intent to deliver marijuana and was sentenced to two to four years of imprisonment, Ronald H. Pannucci, J. Defendant appealed, claiming the court's articulated reasons for departing from the sentencing guidelines' recommended minimum sentence of from zero to six months in jail are inadequate to justify the departure and that the resulting sentence constitutes an abuse of discretion.

The Court of Appeals *held:*

Despite the fact that defendant was twenty-eight years old, had no prior criminal record, was employed at a responsible job where he was considered a valuable employee, and was married with four young children, the trial judge imposed a minimum sentence exceeding the guidelines' minimum range by a factor of four. His stated reasons for departing from the guidelines' recommendations were that the guidelines were drawn up on the basis of statistics from the metropolitan Detroit area, that western Michigan has higher standards, and that the guidelines do not punish marijuana offenses severely enough. Under either the principle of proportionality standard of review or the shock the conscience standard of review, the sentence imposed constitutes an abuse of discretion. Defendant's conviction is affirmed, but the case is remanded for resentencing before a different judge.

Affirmed in part, reversed in part and remanded for resentencing.

CRIMINAL LAW — SENTENCING — ABUSE OF DISCRETION.

A trial court's decision to disregard the fact that a defendant is twenty-eight years old, has no prior criminal record, is employed at a responsible job where he is considered a valuable

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599, 604; Drugs, Narcotics, and Poisons § 48.

Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

employee, and is married with four children and impose a minimum sentence which exceeds by a factor of four the recommended minimum sentence set forth in sentencing guidelines because the guidelines were drawn up on the basis of statistics from the metropolitan Detroit area, because western Michigan has higher standards, and because the guidelines do not punish marijuana offenses severely enough is an abuse of discretion under either the principle of proportionality or the shock the conscience standard of appellate review of a sentencing decision.

*Dan J. Dowdell,* for defendant.

Before: WEAVER, P.J., and SAWYER and NEFF, JJ.

NEFF, J. Defendant pled guilty as charged to possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). After being sentenced to two years to four years of imprisonment, defendant filed this appeal as of right. We affirm defendant's conviction, but reverse and remand for resentencing before another judge.

I

At about one o'clock in the morning defendant was observed by a policeman behind a gas station. Defendant was urinating when he was seen by the officer.

The officer stopped his cruiser and approached defendant. During the ensuing conversation defendant picked up a small duffel bag which had been on the ground at his feet. Because defendant "seemed to be a little bit nervous" the officer became concerned for his safety and became nervous himself, finally asking about the contents of the bag. After several requests from the officer to open the bag, defendant complied and threw it on the ground. The bag contained about a half pound of marijuana.

Defendant had about $1,500 in his wallet, separated into $100 dollar increments.

Defendant was charged with the marijuana felony and with the misdemeanor offense of urinating in public.

II

At the time of the offense, defendant was twenty-eight years old. He had no prior criminal record, either as a juvenile or as an adult. He was employed at a responsible job where he was considered a valuable employee and was married with four young children.

The sentencing guidelines called for a minimum sentence of from zero to six months in jail. Instead, the trial judge sentenced defendant to a minimum term of two years of imprisonment. The trial judge candidly explained his reasons for the departure from the guidelines' recommended minimum sentence.

Defendant raised and preserved the issue of sentence length in this appeal, which was pending when *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), was decided. Whether we impose the "principle of proportionality" announced in *Milbourn* as the new standard of appellate review of the exercise of sentencing discretion or the old standard of "shock the conscience" under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), we find the trial judge's reasons inadequate to justify the departure from the guidelines and we conclude that the resulting sentence constitutes an abuse of his discretion.

III

In spite of defendant's prior clean record, his

employment status and his family considerations, the only plea bargain involved was the dismissal of the misdemeanor charge of urinating in public. Defendant pled guilty as charged on the marijuana offense. At the plea proceedings, defendant did not attempt to minimize his conduct and was open with the court in admitting that he possessed the marijuana to sell, explaining that he had purchased a pound of the drug for $900 about a week before his arrest. He claimed that this was his first venture into trafficking, although he admitted to being a casual user since junior high school.

### IV

On the guidelines departure form, the trial judge explained his reasons for the severity of defendant's sentence:

1. Marihuana treated to [sic] lightly.
2. Court not impressed with Metro-Detroit and tri-county sentencing statistics which significantly influence the range. Western Michigan has higher standards.

At the sentencing hearing the judge was more expansive in explaining the basis of his sentencing decision:

In your case, notwithstanding the fact that you have a good record, you are going to suffer very severely—and not just because of you, but because of the Court's desire to send a message to other people who are going to be involved with drugs— and many people look upon marijuana as being like—the comparison, maybe, of a dandelion and a rose—that it's sort of nothing, it's just there, and what's the big deal, as opposed to a rose—and maybe cocaine being compared to a rose.

\* \* \*

The Court determines that the sentencing guidelines are not appropriate in this case as a result of their very lenient treatment of marijuana. This Court considers marijuana equal to any other illegal substance, and it should not be specifically controlled by what Detroit's statistics are, which is what our sentencing-guidelines numbers are all about—I shouldn't say "Detroit." I should say the "metropolitan Detroit area," the "Tri-County area," where 60 to 65 percent of all the numbers come from in the guidelines. I don't feel bound by the morality in Southeastern Michigan, as opposed to the rest of the state, where maybe some of us feel that marijuana is a much more serious substance than others consider it.

The Court also desires to send a message to the community that drug dealers will be severely treated by punishment, loss of jobs, loss of freedom, et cetera.

V

We find the reasons expressed by the trial court inappropriate to support the decision to exceed the guidelines minimum range by a factor of four. The sentence imposed constitutes an abuse of discretion to the point that it both shocks our judicial conscience and violates the principle of proportionality on its face.

The trial judge has said, in effect, that both the Legislature and the Supreme Court are in error in determining the appropriate punishment for marijuana offenses. Moreover, the judge takes it upon himself to correct these perceived errors by sentencing defendant without regard to the goal of individualized sentencing mandated by our Supreme Court in *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973), and in direct conflict with the stated purpose of the sentencing guidelines to seek standardized sentencing on a state-

wide basis.[1] In so doing, the trial judge has exceeded the bounds of his discretion.

## VI

Defendant's conviction is affirmed, but this case is remanded to the trial court for resentencing before a different judge. We do not retain jurisdiction.

WEAVER, P.J., concurred in the result only.

[1] *People v Fleming,* 428 Mich 408, 426; 410 NW2d 266 (1987); *People v Crook,* 162 Mich App 106, 109; 412 NW2d 661 (1987); State of Michigan Sentencing Guidelines Manual, Michigan Sentencing Guidelines Statement of Purpose. See also *People v Chapa,* 407 Mich 309; 284 NW2d 340 (1979).